Rufus Delinus WHEELER,
Plaintiff-Appellant,

v.

CITY OF MEMPHIS, Wyeth Chandler, Mayor, City of Memphis, Tennessee, Henry Evans, Chief Administrator, City of Memphis, Tennessee, and E. Winslow Chapman, Director, and Pat Adams, Permit Section, Memphis Police Department, Memphis-Shelby County Airport Authority and Civil Service Commission of the City of Memphis, Tennessee, Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Nov. 13, 1984.

Permission to Appeal Denied by
Supreme Court Jan. 28, 1985.

Edward Witt Chandler, Memphis, for plaintiff-appellant.

Clifford D. Pierce, Jr., City Atty., E. Brady Bartusch, Deputy City Atty., Myron A. Halle, Jr., and Stephen D. Goodwin, Memphis, for defendants-appellees.

HIGHERS, Judge.

The appellant, Rufus Delinus Wheeler, was employed as an airport security officer at the Memphis International Airport. He was authorized to carry a firearm pursuant to a commission issued by the Memphis Police Department. This certification to carry a weapon was a prerequisite to his employment as a security officer by the Memphis-Shelby County Airport Authority.

On October 17, 1979, while attempting in the course of his employment to arrest a taxi driver, the appellant drew his weapon in response to the driver's brandishing a tire iron. A struggle ensued during which the pistol fired, and the taxi driver was struck by the bullet and killed. In May 1980 the appellant was exonerated by a grand jury of any criminal conduct.

On June 20, 1980, an administrative hearing was held pursuant to notice by the Memphis Police Department to determine whether the appellant's commission should be revoked. Following the hearing, the appellant was notified that his commission as a special officer was being suspended for a period of one year. On July 2, 1980, the Airport Authority advised the appellant that he was suspended from employment effective June 30, 1980, pending an appeal to the Director of Police. On July 17, 1980, the Director of Police confirmed the decision of the administrative board. Thereafter, on July 22, 1980, the Airport Authority notified the appellant of the termination of his employment on the basis that he no longer met the job requirement. There was no hearing conducted by the Airport Authority in connection with the termination of employment.

On August 5, 1980, the appellant gave notice of appeal to the Civil Service Commission; however, this matter was not heard due to the fact that appellant filed suit in the Chancery Court on August 12, 1980, and by consent of the parties the matter was dismissed upon agreement for a rehearing before the administrative board of the Memphis Police Department.

On February 19, 1981, the administrative board once again suspended appellant's commission for a period of one year, retroactive to June 20, 1980. Once again the matter was appealed to the Director of Police, and once again on March 16, 1981, he confirmed the decision of the board. The Airport Authority again automatically terminated appellant's employment, and on March 20, 1981, the appellant gave notice of appeal to the Civil Service Commission. The Civil Service Commission ruled on August 7, 1981, that the Airport Authority had acted with just cause in terminating the employment of the appellant because he no longer held a commission as a special officer which was a prerequisite to the job as a security officer. The Civil Service Commission also decided that it lacked jurisdiction to review the action of the administrative board of the Memphis Police Department.

On September 4, 1981, the appellant petitioned the Chancery Court for a writ of certiorari. All defendants except the Airport Authority moved to dismiss the petition for failure of appellant to file timely under T.C.A. § 27–9–102 for review of the decision of the Memphis Police Department. The Chancellor granted the motion and upheld the action taken by the Airport Authority.

The appellant brings this appeal and argues that the Civil Service Commission should have reviewed the action of the Memphis Police Department instead of limiting its review to the action of the Airport Authority. The Airport Authority contends that the Civil Service Commission's determination that the Airport Authority acted with just cause is supported by the record. The remaining defendants maintain that the appellant is barred from review of the action of the Memphis Police Department because he did not petition for writ of certiorari within the sixty day limit provided in T.C.A. § 27–9–102.

The scope of review of the decision of the Civil Service Commission is whether the agency acted fraudulently, illegally or arbitrarily. *Watts v. Civil Service Board for Columbia,* 606 S.W.2d 274

(Tenn.1980). The commission did not act arbitrarily if there was material evidence to support the action taken. It is unquestioned that federal regulations required airport security officers to be authorized to carry firearms and that this was a condition of employment. When the appellant lost his commission and could no longer meet the job requirement, he was terminated by the Airport Authority. There is material evidence to support the action of the Civil Service Commission, therefore, in finding that the Airport Authority "acted with just cause" in the termination of the appellant.

It appears that the real question at issue is whether the ruling of the Memphis Police Department administrative board was correct, but we do not reach that issue until we determine whether the petition for review was timely filed. The appellant contends that he is not barred by T.C.A. § 27–9–102 from raising the propriety of the board's ruling because that ruling did not become final until all administrative remedies had been exhausted, i.e., until the ruling had been appealed to the Civil Service Commission. The question therefore arises whether the police board's ruling was reviewable by the Civil Service Commission. If not, and if that ruling was final, then appellant should have petitioned for writ of certiorari and his failure to do so within sixty days would preclude review. *Fairhaven Corporation v. Tennessee Health Facilities Commission,* 566 S.W.2d 885 (Tenn.App.1976).

■ The Civil Service Commission has jurisdiction to hear appeals by an employee relating to "dismissal, demotion, transfer to another county, suspension or lay off." T.C.A. § 8–30–327(a). The action of the police board was not to dismiss, demote, transfer, suspend, or lay off the appellant. The board simply revoked his commission to operate as a special officer for a period of one year, retroactive to June 20, 1980. Reviews of boards and commissions "where not otherwise specifically provided" may be brought under T.C.A. § 27–9–101 *et*

*seq.* Such review is by common law certiorari, T.C.A. § 27–9–114, and it must be filed within sixty days from entry of the order or judgment. T.C.A. § 27–9–102.

■ Although the Airport Authority acted upon the police board's suspension of the appellant's commission, and the Airport Authority's action was reviewable by the Civil Service Commission because it involved dismissal of an employee, it does not follow that the Civil Service Commission could therefore review the decision of the board in revoking appellant's commission to carry a firearm. The administrative board's decision did not of itself relate to the appellant's employment status; consequently, it did not fall within the purview of the Civil Service Commission's jurisdiction. If the administrative board acted arbitrarily, illegally or fraudulently in revoking appellant's commission, its decision could have been overturned upon review by the court if filed within the sixty day period allowed by law. Once the time limitation expired, the board's decision became final.

The petition for writ of certiorari was timely filed with reference to the action by the Civil Service Commission in reviewing the decision of the Airport Authority. At that point, however, appellant was limited to the question of whether the Airport Authority acted arbitrarily, illegally, or fraudulently in terminating his employment. The Civil Service Commission found that there was material evidence to sustain the decision of the Airport Authority, and we agree.

The ruling of the Chancellor is affirmed. Costs are adjudged against the appellant.

NEARN, P.J. (W.S.), and TOMLIN, J., concur.