JOHN WAYNE SLATE, SR.,                  )
                                        )   Davidson Chancery
          Plaintiff/Appellant,          )   No. 96-1921-I
                                        )
VS.                                     )
                                        )
STATE OF TENNESSEE BOARD OF             )
PAROLES, ET AL.,                        )
                                        )   Appeal No.
          Defendant/Appellee.           )   01-A-01-9704-CH-00155

FILED

October 1, 1997

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

HONORABLE IRVIN H. KILCREASE, CHANCELLOR

JOHN KNOX WALKUP
Attorney General and Reporter

TERESA S. THOMAS #12788
Counsel for the State
404 James Robertson Parkway
Suite 2000
Nashville, TN 37243
ATTORNEYS FOR DEFENDANTS/APPELLEES

John Wayne Slate #123012
N.E.C.C.
P.O. Box 5000
Mountain City, TN 37683-5000
ATTORNEY FOR PLAINTIFF/APPELLANT

AFFIRMED AND REMANDED.

                              HENRY F. TODD
                              PRESIDING JUDGE, MIDDLE SECTION

CONCURS:

BEN H. CANTRELL, JUDGE
WALTER W. BUSSART, JUDGE

| | | |
|---|---|---|
| JOHN WAYNE SLATE, SR., | ) | |
| | ) | **Davidson Chancery** |
| Plaintiff/Appellant, | ) | **No. 96-1921-I** |
| | ) | |
| VS. | ) | |
| | ) | |
| STATE OF TENNESSEE BOARD OF | ) | |
| PAROLES, ET AL., | ) | |
| | ) | **Appeal No.** |
| Defendant/Appellee. | ) | **01-A-01-9704-CH-00155** |

# O P I N I O N

The captioned plaintiff, a prisoner in custody of the Department of Correction awaiting execution has appealed from a decision of the Board of Paroles denying his request for parole. His death sentence has been stayed by a federal court which ordered a retrial of the issue of punishment. This retrial has not yet taken place.

The present judicial proceeding was begun by a document entitled:

> Petition for Writ of Certiorari to Review the Decision of the State of Tennessee Parole Board's Decision - Under 27-9-101--27-9-102--27-9-114-------- and Production of Records Under Public Records Act
>
> T.C.A. 10-7-503---T.C.A. 10-7-505

The nine-page document is a melange of disordered and disconnected statements which render orderly analysis difficult.

On behalf of the multiple respondents, the State Attorney General and Reporter filed a motion to dismiss the petition for failure to state a claim for which relief can be granted.

The Trial Judge ordered:

> The petitioner, an inmate in the lawful custody of the Department of Correction, has filed a petition for writ of certiorari seeking review of the decision by the Board of Paroles to deny him parole. The petitioner asserts that the Board violated his constitutional rights and acted arbitrarily capriciously, and deliberately in denying him parole.

The respondents have filed a motion to dismiss the complaint pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure on the grounds that the petition was not filed within the jurisdictional time limit set forth in Tenn. Code Ann. § 27-9-102 and that the petition fails to state a claim upon which relief can be granted.

Tenn. Code Ann. § 27-9-102 provides that a petition for a writ of certiorari must be filed within 60 days from the entry of the order or judgment from which appeal is taken. Failure to file within this time limit results in the Board's decision becoming final, which deprives this Court of jurisdiction. *Wheeler v. City of Memphis*, 685 S.W.2d 4,6 (Tenn. App. 1984).

On April 2, 1996, the petitioner appeared before a hearing officer for parole release consideration. The petitioner was denied parole on that date based upon the seriousness of the petitioner's offense and his likelihood to re-offend. The time within which the petition for writ of certiorari could have been filed expired on June 2, 1996. This petition was not filed until June 24, 1996. Thus, this Court is without jurisdiction to review the petition. For the foregoing reasons, the respondent's motion to dismiss is granted. The Court finds it unnecessary to address other issues in this matter. Petitioner is assessed state litigation taxes. All other costs are waived.

IT IS SO ORDERED.

T.C.A. § 27-9-102 requires that petitions for judicial review of administrative orders be filed within 60 days after the rendition of a final administrative decision. In the present case, the application for review was filed in the Trial Court on June 24, 1996.

The petition for judicial review does not state with any degree of certainty the date of the final action of the Parole Board which is to be reviewed. The following are typical excerpts from the petition for judicial review:

On April 2, 1996 the Board of Paroles Hearing Officer conducted a parole release hearing on you petitioner,
- - - -
3) That the Parole Board's Hearing Officer accepted the facts of the offence (sic) as "truth".
- - - -
On the 6th day of May 1996. Petitioner recieved (sic) disposition of his appeal wherin (sic) the appeal was summarily denied. Reasons of denial was as followes (sic); seriousness of the offence (sic) "high risk" H-R -on actions following initial offence (sic) "attempted escape" expired"

That the appellate panel of the Board of Paroles summarily denied appeal and did not review said appeal based on the facts set out by petitioner in his request for appeal. And thusely (sic) treating petitioner's appeal arbitrarily and capriciously.

Attached to this petition are the following exhibits;

A.    "Request for appeal hearing filed by petitioner dated May 3, 1996 and May 6th 1996.

B.    "Appeal disposition dated ---- May 2, 1996.

C.    "Letter written to T.P.O. and TN. Parole Board dated 4/1/96.

D.    Newspaper press releases dated -- 8/28/95.

E.    Second request for appeal "addition" filed 5/7/96.

F.    Summons and motion - 90-day appeal granted on May 23, 1996 "then denied again on June 12th 1996.

It is seen that the petition mentions at least one action of the administrative agency which occurred on May 23, 1996, within 60 days prior to the filing of the petition for judicial review on June 24, 1996. We find the petition was timely filed; however, the conflicting and confusing allegations of the complaint do not state grounds for finding that the Board acted arbitrarily or capriciously. It thus does not state a claim for which the relief of certiorari should be granted.

The complaint also attempts to state a claim for relief in respect to discovery in a separate action in the following verbiage:

Relief requested statement for which relief can be granted. Wherefore, premises considered, petitioner prays; court issue an order for all state agencys (sic) in this case bring forth records' (for review).

1.    That a writ of certiorari for this first application, be issued from Davison (sic) County Chancery Court to the Tennessee Board of Paroles, directing said Board and it's officials to certify to this court the entire records of the proceedings of this case, including but not limited to, the hearing summary reports of the notice of board action parole release hearing conducted on April 2, 1996. An (sic) statement by the I.P.O. the audio cassette tapes made of the

hearing stated above, the reports of the first level appeal submitted to the Board of Paroles by petitioner, and any and all other pertinent information including statements by family members stating facts by trial transcripts and others that comprises the official record of this matter. Facts of the offence (sic) report from Sevier County Prosecutor Al Smutzer Jr.) (sic). (Records from the D.O.C.).

- - - -

5. That the Court return this matter to the initial panel of the Board of Paroles for a full "and fair" hearing with petitioner supplyed (sic) an (sic) copy of the facts of offence (sic) and that petitioner be afforded a chance to present trial transcripts as stated by family members to be true "which are in "fact" false by record and/or in the alternative grant petitioner immediate parole.

- - - -

Petitioner states here for the record that he was denied parole on April 2, 1996. --Petitioner is still awaiting notice of his appeal it is May 29th 1996-and plantiff (sic) still has not recieved (sic) his requested tape of the hearing, nor an answer to his appeal.


Attached to the petition for judicial review are unauthenticated copies of documents

including the following:

> "Petition for a Declaratory Order to the
> Department of Corrections" "Legal Department"

containing the following:

> Petitioner submitts (sic) that this department for the Department of Corrections should serve petitioner and the Chancery Court at Davison (sic) County Tennessee with copies of the records, files, all including but not limited to all files from the Sevier County prosecutor, and Sevier County courts. (Parole Board) Dept. Corrections.

> 2. That petitioner wishes to give each and every department of the State of Tennessee, who is in violation of petitioner's constitutional rights a chance to ":pass"" (sic) on these issues in the following;

> A. The Department of Correction for the State of Tennessee. (All Dept.)

> B. The Tennessee Board of Paroles (All files)

> C. The files of the Sevier County prosecutor.

> 3. Petitioner submitts (sic) that the undisclosed "facts of the offence" (sic) are "is completely "false" and untrue by the "records of proof in this case." Now that petitioner has alleged this that also makes all records of the department of corrections false.

Wherefore; the petitioner respectfully requests the D.O.C. supply all copies to petitioner and court without applying no statute.

On August 19, 1996, petitioner filed in the Trial Court a "Motion to Compel" seeking to compel answers to petitioner's request for discovery of evidence to be presented by the prosecution at the re-sentencing hearing which has not occurred.

On August 29, 1996, petitioner filed with the Trial Court unauthenticated copies of documents including the following:

An unsigned "E-Mail" addressed to petitioner and stating:

Wanda
The above inmate was declined for parole in April. He subsequently filed an appeal on May 23, 1996. He received (sic) a letter stating he had an additional 90 days to provide any further evidence he wished on June 12, 1996. He received a letter stating he did not meet criteria for appeal. Can you please check into this and advise which of these letters is correct. I have personally seen both and I believe they are both legit. Please advise as soon as possible.
Thanks Kim

The failure to state a claim for which relief can be granted is determined from an examination of the complaint alone. *Wolcotts Financial Services, Inc. v. McReynolds*, Tenn. App. 1990, 807 S.W.2d 708.

The alleged right of the petitioner to discover in this proceeding evidence which may be relevant to an entirely different proceeding (the re-sentencing trial), is not recognized by this Court. The Trial Court correctly dismissed that part of the complaint which asserted such a right.

The judgment of the Trial Court is affirmed.  Costs of this appeal are assessed against the plaintiff.  The cause is remanded to the Trial Court for necessary further proceedings.

-7-

**AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCURS:


_____
BEN H. CANTRELL, JUDGE


_____
WALTER W. BUSSART, JUDGE