IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS OCTOBER 31, 2002

## STATE EX REL, QUINN JOHNSON v. MIKE HOLM, ET AL.

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9453;     Jon Kerry Blackwood, Judge**

---

**No. W2002-00965-COA-R3-CV - Filed April 9, 2003**

---

This is an appeal of a denial of a petition for a common law writ of certiorari. The petition was filed by a prisoner seeking review of two decisions against him by the prison disciplinary board. Because the petition was filed more than sixty days after the first decision, we have no jurisdiction to address the issues presented regarding that decision. The petition was timely filed in regards to the second decision against Appellant, but we find no merit in Appellant's contentions and affirm the ruling of the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Quinn Johnson, Plymouth, WI, *pro se*

Tom Anderson, Jackson, TN, for Appellee

**Memorandum Opinion**[1]

**Facts and Procedural History**

On August 31, 2001, Appellant Quinn Johnson (Mr. Johnson), a prisoner at the Whiteville Correctional Facility, was asked to give urine samples for testing for drugs. One of the samples was sent out for a confirmation test. On September 11, 2001, following a full hearing, Mr. Johnson was found guilty of drug use and sentenced to thirty days of disciplinary segregation. Mr. Johnson

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion. - This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

appealed to the warden, Mike Holm,("warden"), but on September 24, 2001, the warden issued a ruling denying the appeal. This denial included a finding that the prescription medicine Mr. Johnson was taking could not create a false positive. On October 22, 2001, Mr. Johnson filed for a reconsideration of this denial based on new evidence. This appeal was also denied and resulted in a new charge being filed against Mr. Johnson for hindering the performance of a staff member. This charge stemmed from the warden's finding that the information provided by Mr. Johnson in his filing was false. A hearing on this second charge was held on November 12, 2001 resulting in a finding of guilt and a sentence of eight hours of extra duty and the loss of ten days of recreation. Mr. Johnson did not appeal this decision to the warden, feeling it would be futile.

Mr. Johnson then filed a Petition for Writ of Certiorari pursuant to Tennessee Code Annotated sections 27-8-101 and 27-8-102 in the Circuit Court of Hardeman County on December 31, 2001. In his petition, Mr. Johnson alleged various violations of his Due Process rights as well as other grounds for overturning the sentences imposed against him. On February 2, 2002, the warden filed a Motion to Dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6) alleging Mr. Johnson did not present a claim on which relief could be granted. The Motion to Dismiss was heard on March 22, 2002, and on March 27, 2002, an order was entered granting the warden's motion. Mr. Johnson filed an appeal to this Court and alleges the same Due Process violations and other grounds that he alleged in his Petition for Writ of Certiorari in the circuit court. The issues presented to us by Mr. Johnson are:

I.    Appellant's 14th Amendment Due Process Rights were violated when his assigned staff advocate failed to gather readily available evidence that could have exonerated him which appellant could not obtain himself due to his placement in Temporary Lock Up.

II.   Appellant's 14th Amendment Due Process Rights were violated when Appellees failed to provide him with exculpatory evidence held in their possession.

III.  Appellant's Substantive Due Process Rights were violated when the Appellees failed to consider evidence offered in his defense.

IV.   Appellee's official policy of using a screening test as a confirmation test as evidence to establish guilt for the use of drugs is unconstitutional both on its face and as applied to the Appellant.

V.    Appellees violated Appellant's 1st Amendment rights when they retaliated against him for filing an appeal of the first conduct report.

VI.   There was [sic] sufficient evidence to support the Appellee's decision.

VII.  The Appellees violated Appellant's 14th Amendment Due Process rights when they failed to make an adequate record for the basis for their decisions.

**Law and Analysis**

Mr. Johnson presented his petition for a Writ of Certiorari under Tennessee Code Annotated sections 27-8-101 and 27-8-102. We have held that "the functions of prison disciplinary boards are administrative and not judicial [and] [t]herefore, the statutory writ of certiorari, T.C.A. § 27-8-102, is not available for review of the proceedings taken by a prison disciplinary board." *Buford v. Tennessee Dept. of Correction*, No. M199800157COAR3CV, 1999 WL 1015672 (Tenn. Ct. App. Nov. 10, 1999). Thus, we will consider Mr. Johnson's appeal under the common law writ of certiorari codified at T.C.A. 27-8-101.

Mr. Johnson appeals two findings against him. We will deal with the first finding first. Mr. Johnson had a hearing on September 11, 2001 in which he was found guilty of an infraction. Mr. Johnson appealed this decision to the warden and that appeal was denied in a decision rendered on September 24, 2001. Mr. Johnson filed his Writ of Certiorari on December 31, 2001. Because Mr. Johnson did not file his common law writ of certiorari within sixty days of the decision against him, jurisdiction over this case was not proper in the court below and is not proper in this Court:

> Petitions for a common-law writ of certiorari must be filed within sixty days after the entry of the order or judgment at issue. Tenn. Code Ann. § 27-9-102 (2000). This statutory time limit is mandatory and jurisdictional. *Thandiwe v. Traughber,* 909 S.W.2d 802, 804 (Tenn.Ct.App.1994). Thus, if a petition for common-law writ of certiorari is not timely filed, the courts have no jurisdiction to review the contested decision. *Turner v. Tennessee Bd. of Paroles,* 993 S.W.2d 78, 80 (Tenn. Ct. App.1999); *Wheeler v. City of Memphis,* 685 S.W.2d 4, 6 (Tenn. Ct. App.1984); *Fairhaven Corp. v. Tennessee Health Facilities Comm'n,* 566 S.W.2d 885, 887 (Tenn. Ct. App.1976).

*Reid v. Lutche*, No. M1997-00229-COA-R3-CV, 2001 WL 55783, at *4 (Tenn. Ct. App. Jan. 24, 2001).

Lacking jurisdiction over the issues presented by Mr. Johnson relating to his being found guilty of the unauthorized use of drugs or intoxicants by the disciplinary board, we move to the second finding against Mr. Johnson.

The second finding resulted from a petition submitted by Mr. Johnson to the warden asking the warden to reconsider his denial of Mr. Johnson's appeal. This petition was filed on October 22, 2001. The warden denied this petition and served Mr. Johnson with another conduct report for hindering the performance of a staff member. A hearing was held on November 12, 2001 where Mr. Johnson was found guilty and sentenced to loss of ten days of recreation and eight hours of extra duty. Mr. Johnson's common law writ of certiorari filed on December 31, 2001 was timely to contest the findings of the disciplinary board on this matter.

This Court has stated:

> Under a petition for common law writ of certiorari, a court's review of an administrative agency's decision is limited to a determination of whether the administrative body acted within its jurisdiction or acted illegally, arbitrarily, or capriciously. *Cooper v. Williamson County Bd. of Educ.*, 746 S.W.2d 176, 179 (Tenn. 1987). The common law writ does not provide a remedy where a petitioner challenges the correctness of the decision of the decision-maker. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). "The common law writ of certiorari is not available to test the intrinsic correctness of the law or facts of a particular case." *Yokley v. State*, 632 S.W.2d 123, 126 (Tenn. Ct. App. 1981).

*Clark v. Rose*, No. 2002-01245-COA-R3-CV, 2002 Tenn. App. LEXIS 96 (Tenn. Ct. App. February 5, 2003). Mr. Johnson's petition was dismissed by the trial court pursuant to a motion to dismiss filed by the warden. We have previously stated our standard of review in such a case as:

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of the plaintiff's claim, not the strength of the petitioner's proof. *Cook v. Spinnaker's of Rivergate, Inc.,* 878 S.W.2d 934, 938 (Tenn.1994). The grant of a motion to dismiss may be affirmed only if the allegations in the complaint, taken as true and construed liberally in favor of the plaintiff, fail to state a claim under which the plaintiff would be entitled to relief. *Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn.1997). Therefore, when reviewing a trial court's grant of motion to dismiss, all factual allegations are taken as true, and the trial court's conclusions of law are reviewed de novo on the record with no presumption of correctness. *Doe v. Sundquist,* 2 S.W.3d 919, 922 (Tenn.1999); Tenn. R.App. P. 13(d).

*Hall v. Campbell*, No. W2002-00301-COA-R3-CV, 2002 WL 31423842, at *3 (Tenn.Ct.App. October 29, 2002).

Mr. Johnson claims that "he was at a loss for the basis of the charge because all of the information he provided to the Warden was accurate and a copy of the documentation was in the record and could be confirmed." If this is taken as true, we are still left with a with a record that shows nothing illegal, arbitrary or capricious in either the proceedings held by the prison disciplinary board or the punishment given to Mr. Johnson. Mr. Johnson's petition is an attempt to test the factual findings of the board, and, as stated above, this is not the purpose of a writ of certiorari. Thus, we affirm the court below.

**Conclusion**

For the foregoing reasons, we affirm the judgment of the trial court. Costs are judged against Appellant Quinn Johnson, for which execution may issue, if necessary.

_____

ALAN E. HIGHERS, JUDGE