IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs March 4, 2005

## SHANNON D. YOUNG v. TONY PARKER, ET AL.

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-8563      R. Lee Moore, Jr., Judge**

_____

**No. W2004-02329-COA-R3-CV - Filed May 31, 2005**

_____

The Petitioner, an inmate in custody of the Tennessee Department of Correction, appeals from the order of the trial court dismissing his petition for common law writ of certiorari as being untimely filed.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Shannon D. Young, *Pro se*.

Paul G. Summers, Attorney General and Reporter, and Bradley W. Flippin, Assistant Attorney General, for the Appellees, Tony Parker, et al.

**MEMORANDUM OPINION**[1]

        This appeal involves the dismissal of a pro se petition for writ of certiorari filed in the Circuit Court of Lake County by Petitioner against the warden and other officials of Northwest Correctional Complex (NWCX).  The respondents moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12.02(1) of the Tennessee Rules of Civil Procedure.  The basis for the motion was that the petition was not filed within 60 days of the final prison disciplinary decision as required by Tenn. Code Ann. § 27-9-102.

---

        [1]Rule 10 of the Tennessee Court of Appeals provides:

        This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The record before us reflects that the "Petition For Common Law Writ Of Certiorari" was filed on May 6, 2004. It is alleged in the petition that a correctional officer accused Petitioner of threatening an employee and Petitioner was placed in segregation pending disciplinary proceedings. The petitioner further alleges that three disciplinary write-ups were filed against him and that the incident date for all three write-ups is February 18, 2004. It is further alleged that Petitioner was released from punitive segregation on February 28, 2004, and was given a classification hearing notice on February 27, 2004. It is further alleged that he was given a new housing assignment on March 3, 2004. As noted in the trial court's order denying the petition, there is no allegation that an appeal was pursued by the Petitioner. Therefore, it appears that the disciplinary convictions complained of by the Petitioner occurred between February 18, 2004, and February 28, 2004. Even if it could be construed that the new housing assignment on March 3, 2004, was the operative date, the petition filed on May 6, 2004, would not have been filed within 60 days.

The proper procedure for a pending judicial review of the results of a prison disciplinary proceeding is through a common law writ of certiorari. *See Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998). These petitions must be filed within 60 days after entry of the order or judgment at issue. The statutory time limit is mandatory and jurisdictional. *See Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994). Therefore, if the petition is not timely filed, the courts lack jurisdiction to review the contested decision. *Turner v. Tennessee Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984); and *Fairhaven Corp. v. Tennessee Health Facilities Comm'n*, 566 S.W.2d 885, 887 (Tenn. Ct. App. 1976).

Based upon the record as it has been presented to us, we have determined that the petition in this matter was not timely filed and that the trial court was correct in dismissing Mr. Young's petition. The Petitioner was apparently aware of the time constraints, as it is alleged in his brief[2] that "[i]n the instant case, strict application of the limitations period in which to file for writ of certiorari would effectively deny the Appellant opportunity to present his claims of the abridgment of his constitutional rights."

The judgment of the trial court is in all respects affirmed and costs are assessed against the Appellant, Shannon D. Young.

_____
DAVID R. FARMER, JUDGE

_____

[2]By order of this Court filed January 7, 2005, the Appellant was given ten days in which to show cause why this appeal should not be dismissed for failure to timely file a brief. On December 28, 2004, the clerk of this court received and filed a document styled "APPELLANT'S RESPONSE TO SHOW CAUSE." The order further recites that "the document received and filed on December 28 appears to be the Appellant's brief" and we have treated it as same.