IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
OCTOBER 14, 2009 Session

# MIGDALIA HERBERT v. BOARD OF EDUCATION OF THE MEMPHIS CITY SCHOOLS

Direct Appeal from the Chancery Court for Shelby County
No. CH-06-0114-1     Walter L. Evans, Chancellor

No. W2008-02383-COA-R3-CV - Filed December 17, 2009

A teacher was injured when she tried to break up a fight among students. The BOE classified her injury as resulting from an accident rather than from a physical attack, and that determination was upheld by the Board of Appeal, whose determination was final. The teacher filed suit in the chancery court alleging breach of contract, but her complaint was dismissed after the trial court found that no breach had occurred and that it lacked subject matter jurisdiction. The proper vehicle for reviewing the Board of Appeal's classification was a writ of certiorari. Because the teacher failed to file such a petition, we affirm the trial court's dismissal.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Clyde W. Keenan, Memphis, TN, for Appellant

Michael R. Marshall, Memphis, TN, for Appellee

OPINION

## I. FACTS & PROCEDURAL HISTORY

Migdalia Herbert was a tenured teacher with the Board of Education ("BOE") of the Memphis City Schools and is a member of the Memphis Education Association ("MEA"). The BOE entered into a contract with the MEA, effective July 1, 2003 until June 30, 2006, (the "MEA Agreement"). The MEA Agreement governs the relationship between the BOE and Ms. Herbert. It provides that for injuries resulting from "accidents," teachers are entitled to two months of paid disability leave, whereas for injuries resulting from "direct, unprovoked, physical attack[s]," teachers are entitled to twelve months of paid disability leave. The MEA Agreement further provides that the determination of whether an injury is sustained by an accident or a direct physical attack is made by an appeals board, whose determination on this point is final:

> A Board of Appeal established for the decision of cases coming under this article will determine [] all questions of fact and interpretation arising under accident on the job, [and] physical assault[.] The Professional employee will be entitled to appear before such Board of Appeal. The Association may be present at the Board of Appeal at the request of the professional employee. The decision of the Board in regard to [accidents on the job and physical attacks on professional employees] shall not be subject to arbitration.

BOE policy no. 4209 also covers accidents on the job and provides as follows:

> Should a conflict ar[ise] from the approval or denial of related benefits, the employee may request, in writing, to have the Board of Appeal review the circumstances. . . . Their findings on both issues of fact and interpretation of this policy shall be final.

On or about March 2, 2005, Ms. Herbert was working as a teacher at Craigmont High School and was injured while attempting to break up a fight among some female students. Ms. Herbert's injuries were classified as "accidental" by the BOE, and that determination was upheld when she appealed to the Board of Appeal.[1]

Following the Board of Appeal's determination, Ms. Herbert filed a "Complaint for Breach of Contract" in the chancery court on January 20, 2006, arguing that the BOE breached the MEA Agreement by failing to provide Ms. Herbert with twelve months of paid disability leave. The BOE then filed a motion to dismiss for failure to state a claim upon which relief could be granted, arguing that because the MEA Agreement's required procedures were complied with, no breach of contract had occurred. The BOE further claimed that Ms. Herbert's proper remedy was a writ of certiorari, which she had failed to seek. Following a hearing, the chancery court found that the Board of Appeal had made a final determination regarding the cause of Ms. Herbert's injuries, and it found that Ms. Herbert had been paid all benefits due under the MEA Agreement. Thus, the chancery court

---

[1] The Board of Appeal notified Ms. Herbert that it had denied her request to reclassify her injury in a June 16, 2005 letter.

found that the BOE had not breached its contract with Ms. Herbert. Additionally, the chancery court found that it lacked jurisdiction to review the Board of Appeal's decision, and it dismissed Ms. Herbert's complaint. Ms. Herbert appeals.

## II. ISSUES PRESENTED

Appellant has timely filed her notice of appeal and presents the following issue for review:

1. Whether the Chancery Court erred in ruling it did not have jurisdiction to review a contractual dispute involving the Plaintiff, Herbert, and her employer, The Board, in a matter involving worker's compensation benefits.

## III. STANDARD OF REVIEW

The determination of whether subject matter jurisdiction exists is a question of law. ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000) (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)). Therefore, our review is de novo, without a presumption of correctness. ***Id.*** (citing *Nelson*, 8 S.W.3d at 628).

## IV. DISCUSSION

On appeal, Ms. Herbert attempts to argue that she is entitled to judicial review of her "worker's compensation decision" under Tennessee Code Annotated section 49-5-714. Section 49-5-714 provides that when a teacher is injured by "physical assault or other violent criminal act" in the course of employment activities, and the local education agency has no workers' compensation coverage, such teacher is entitled to the same "benefits, procedures and standards for determining eligibility" as those local education agencies with workers' compensation coverage. **Tenn. Code Ann. § 49-5-714**. Ms. Herbert argues that because the BOE does not have workers' compensation coverage, she is entitled to the "normal worker's compensation" procedures and standards, which allow for judicial review of workers' compensation decisions.

We decline to address Ms. Herbert's claim regarding workers' compensation. This issue was not raised before the trial court, and thus, is waived on appeal. ***See Simpson v. Frontier Cmty. Credit Union***, 810 S.W.2d 147, 153 (Tenn. 1991).

Ms. Herbert also claims that the MEA Agreement is "subject to judicial scrutiny." She relies upon two cases to support this contention – *Warren v. Metropolitan Government of Nashville and Davidson County*, 955 S.W.2d 618, 619 (Tenn. Ct. App. 1997), and *Bilyeu v. City of Nashville*, No. M2004-02779-COA-R3-CV, 2006 WL 359756 (Tenn. Ct. App. Feb. 15, 2006). However, we find both *Warren* and *Bilyeu* inapplicable to the instant case, as both involved breaches of contract. Although Ms. Herbert attempts to classify her cause of action as one for breach of contract, the trial

court found that no breach had occurred, and Ms. Herbert apparently does not challenge this finding on appeal. Thus, Ms. Herbert seeks judicial review only in regard to the Board of Appeal's classification of her injury. "[A] petition for common law writ of certiorari is the proper method by which to challenge an administrative decision[.]" ***Kiger v. Nixon***, No. 90-3354-I, 1996 WL 512031, at *5 (Tenn. Ct. App. W.S. Sept. 11, 1996) (citing *McCallen v. City of Memphis*, 786 S.W.2d 633, 639 (Tenn. 1991)).

> Tennessee Code Annotated § 27-9-102 requires that a petition for writ of certiorari be filed within sixty days from the entry of the judgment appealed from. Failure to file the petition within this time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter. *See Wheeler v. City of Memphis,* 685 S.W.2d 4, 6 (Tenn.Ct.App.1984) (citing *Fairhaven Corp. v. Tenn. Health Facilities Comm'n,* 566 S.W.2d 885, 886 (Tenn.Ct.App.1976)).

***Blair v. Tenn. Bd. of Prob. and Parole***, 246 S.W.3d 38, 40-41 (Tenn. Ct. App. 2007).

In the instant case, Ms. Herbert has failed to file a petition for writ of certiorari. Accordingly, the trial court lacked subject matter jurisdiction over the matter, and it properly dismissed Ms. Herbert's complaint.

## V. Conclusion

For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to Appellant, Migdalia Herbert, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.