IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 3, 2017

## MARCUS JOHNSON v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

Appeal from the Chancery Court for Bledsoe County
No. 3284     Jeffrey F. Stewart, Chancellor



No. E2016-02260-COA-R3-CV

An inmate in the custody of the Tennessee Department of Correction filed a petition for writ of certiorari challenging the revocation of his parole. Because the inmate failed to file his petition within the sixty-day period required by statute, the chancery court lacked jurisdiction. We, therefore, affirm the chancery court's judgment dismissing the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and KENNY W. ARMSTRONG, JJ., joined.

Marcus Terrell Johnson, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Eric Andrew Fuller, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Correction.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Marcus Johnson is an inmate in the custody of the Tennessee Department of Correction ("TDOC" or "the Department"). On October 15, 2015, he filed a petition for common law writ of certiorari challenging the Board of Parole's revocation of his parole. Mr. Johnson's petition includes the following allegations:

> On or about April 30th, 2015, the petitioner was illegally imprisoned. He was arrested in Anderson County, Tennessee without any Miranda Rights being read nor was he given any reason for his detainment

or any warrant allowing his arrest. The petitioner was transported to the Knox County Jail and was held at their facility with no cause until T.D.O.C. came and transfered him to their jurisdiction on May 16th, 2015.

Upon arrival to the Bledsoe County Correctional Complex the petitioner again inquired about his detainment and no C/O [correctional officer] could find anything on the petitioner on his detainment.

The petitioner [immediately] filed a [grievance] on the matter which was determined to be lost and or destroyed. The petitioner again filed [another grievance] on the situation which ended with denials from all parties.
. . . .

A week from the call of the petitioner[’s] sister a one Mrs. Angela Johnson caused the parole officer a Ms. Lisa Ownby to finally send a notice of charges against the petitioner.

The petitioner was notified by [an] I.P.O. here at the Bledsoe Correctional Complex that he would have a parole revocation hearing scheduled for August 6th, 2015.

The petitioner asked the I.P.O how could they have a hearing to [revoke] him without first conducting a [preliminary] hearing . . . and permitting the petitioner to his minimal due process rights mandated by policy and Supreme Court [decision] in the case of *Morrisey v. Brewer* dealing with revocation of parole proceedings. The I.P.O says it’s up to the revocation hearing officer not him. . . .
. . . .

The petitioner went to his revocation hearing on August 6th, 2015 in which at that time on record he brought all these same grounds verbally and by evidence of his illegal detainment and how he hasn’t had a chance to get or present evidence on his behalf to [rebut] the charges. . . .

The parole board revoked Mr. Johnson’s parole.

In his grounds for relief, Mr. Johnson alleged, *inter alia*, that he had been improperly detained without a warrant, that his due process and administrative procedural rights had been violated, that the notice of charges was defective, and that the officials who acted in violation of his rights were “helping the state defraud the federal government of funds for involuntary servitude and illegal imprisonment.” Mr. Johnson requested, in part, that the court reinstate his parole and release him from prison.

On November 16, 2015, Mr. Johnson filed a motion to supplement the exhibits attached to his original petition with his affidavit and other supplemental exhibits, including a December 3, 2015 letter from the Board of Parole stating that Mr. Johnson's administrative appeal had been denied.

In January 2016, the Department filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(1) and (6) on the grounds that Mr. Johnson's petition "was filed well after expiration of the mandatory and statutory sixty (60) day deadline established under Tenn. Code Ann. § 27-9-102, thus depriving this honorable Court of jurisdiction." In February 2016, Mr. Johnson filed a motion for summary judgment arguing that he was entitled to judgment as a matter of law.

The Department's motion to dismiss was considered and granted in an order entered on October 24, 2016. Mr. Johnson appeals from that order.

STANDARD OF REVIEW

Tennessee Rule of Civil Procedure 12.02(1) addresses a motion to dismiss for lack of subject matter jurisdiction. A challenge to a court's subject matter jurisdiction involves the court's authority to adjudicate a particular controversy. *Jackson v. Tenn. Dep't of Corr.*, 240 S.W.3d 241, 243 (Tenn. Ct. App. 2006) (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). The plaintiff bears the burden "to demonstrate that the court has jurisdiction to adjudicate the claim." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). "Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." *Northland Ins. Co.*, 33 S.W.3d at 729.

A motion made pursuant to Tenn. R. Civ. P. 12.02(6) asserts that the plaintiff has failed to state a claim upon which relief may be granted. The motion "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011); *see also Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 710 (Tenn. 2003). A Rule 12.02(6) motion is resolved by examining the complaint alone; if the plaintiff could prove any set of facts that would entitle him to relief, the trial court should deny the motion to dismiss. *Webb*, 346 S.W.3d at 426 (citing *Leggett v. Duke Energy Corp.*, 308 S.W.3d 843, 851 (Tenn. 2010); *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)). When ruling on Rule 12.02(6) motions, courts are to "'construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Phillips v. Montgomery Cnty.*, 442 S.W.3d 233, 237 (Tenn. 2014) (quoting *Webb*, 346 S.W.3d at 426) (further citations omitted). The determination of whether a complaint should be dismissed for failure to state a claim is a question of law that appellate courts review de novo, with no presumption of correctness afforded to the trial court's decision. *Id.*; *Webb*, 346 S.W.3d at 426.

ANALYSIS

Mr. Johnson is a pro se litigant. This court has stated the following principles concerning pro se litigants:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (citations omitted); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct App. 2003). We allow pro se litigants some latitude in preparing their briefs by applying less exacting standards than those applied to briefs drafted by lawyers. *Young*, 130 S.W.3d at 63.

The first issue raised by the Department, and the first issue we must examine, is jurisdiction. The avenue of review for a prisoner aggrieved by a decision of the Department's Board of Probation and Parole is the common law writ of certiorari. *See Stewart v. Schofield*, 368 S.W.3d 457, 459 (Tenn. 2012); *Willis*, 113 S.W.3d at 712; *Ritchie v. Tenn. Bd. of Prob. & Parole*, No. M2015-00187-COA-R3-CV, 2015 WL 6671336, at *1, *3 (Tenn. Ct. App. Oct. 30, 2015). Pursuant to Tenn. Code Ann. § 27-9-102, the petition for writ of certiorari shall be filed "within sixty (60) days from the entry of the order or judgment." This sixty-day time limit is mandatory and jurisdictional. *Hughes v. Tenn. Bd. of Paroles*, No. M2003-00266-COA-R3-CV, 2004 WL 193048, at *1 (Tenn. Ct. App. Jan. 30, 2004); *Hickman v. Tenn. Bd. of Paroles*, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2001); *Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994). If the petitioner fails to file within the sixty-day time period, the board's decision becomes final, and the chancery court "is deprived of jurisdiction." *Thandiwe*, 909 S.W.2d at 804 (citing *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984); *Fairhaven Corp. v. Tenn. Health Facilities Comm'n*, 566 S.W.2d 885, 887 (Tenn. Ct. App. 1976)).

In the present case, Mr. Johnson filed his petition for writ of certiorari on October 15, 2015. The parole board entered its revocation decision on August 6, 2015. Sixty days from August 6 ended on October 5, 2015; thus, based on the date of the original revocation decision, Mr. Johnson's petition was filed ten days late.[1]

---

[1] Mr. Johnson's reference to Tenn. R. Crim. P. 45, which addresses the computation and extension of time, is inapposite because this civil matter is governed by the Rules of Civil Procedure. *See Thandiwe*,

An inmate has the right to file an administrative appeal from a parole board's revocation decision. *See* Tenn. Code Ann. § 40-28-105(d)(11); TENN. COMP. R. & REGS. 1100-01-01-.08(4) (describing the procedures for appellate review by the board of paroles). In that instance, the sixty-day time for filing a petition for writ of certiorari runs from the board's final action on the administrative appeal. *Ritchie*, 2015 WL 6671336, at *5; *Jennings v. Traughber*, No. 01A01-9509-CH-00390, 1996 WL 93763, at *3 (Tenn. Ct. App. Mar. 6, 1996); *see also* Tenn. Code Ann. § 40-28-105(d)(11) ("The decision rendered after an [administrative] appellate review will be final."). Mr. Johnson argues that the sixty-day period should have been measured from the parole board's decision on his administrative appeal. The Department rightly asserts that Mr. Johnson did not mention any administrative appeal in his original petition for writ of certiorari and asked the court to review the original revocation decision. Even if we accept Mr. Johnson's supplemental facts concerning the administrative appeal, however, we conclude that the trial court lacked jurisdiction. The administrative appeal was denied on December 3, 2015. Mr. Johnson's petition for writ of certiorari, filed on October 15, 2015, was premature because he was in the midst of pursuing his administrative appeal and, thus, there was not yet a final order from which to seek a petition for writ of certiorari. When a party files a premature petition for a writ of certiorari, the trial court lacks subject matter jurisdiction and the petition must be dismissed. *See generally Tyson Foods ex rel. Gibson v. Tenn. Dep't of Labor & Workforce Dev.*, No. M2010-02277-COA-R3-CV, 2011 WL 4790980, at *4 (Tenn. Ct. App. Oct. 10, 2011); *see also Tenn. Cent. R.R. Co. v. Campbell*, 75 S.W. 1012, 1014 (Tenn. 1903).

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Marcus Johnson. Execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

909 S.W.2d at 804 (stating that a petition challenging a parole board's decision is civil in nature).