IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2018

### FLORENCE COLLIER HALL V. SHELBY COUNTY RETIREMENT BOARD, CHAIRPERSON MARK LUTTRELL, ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-17-0831      JoeDae L. Jenkins, Chancellor**

_____

### No. W2018-00231-COA-R3-CV
_____

This appeal arises from the dismissal of a complaint filed against the Shelby County Retirement Board and a labor union for breach of contract for an administrative decision by the Shelby County Retirement Board, which denied the plaintiff's request for a pension benefit as a former employee of the Shelby County Health Department. The retirement board and the union filed separate motions to dismiss for failure to state a claim upon which relief can be granted pursuant to Tennessee Rule of Civil Procedure 12.02(6). The chancery court granted both motions for lack of subject matter jurisdiction, determining that the plaintiff's complaint was a petition for writ of certiorari, which the plaintiff did not file within the sixty-day statute of limitation. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which CHARLES D. SUSANO JR. and BRANDON O. GIBSON, JJ., joined.

Florence Collier Hall, Memphis, Tennessee, pro se.

M. Andrew Wohlfarth and Michael R. Marshall, Memphis, Tennessee, for the appellees, Mark H. Luttrell, Jr., Patty Coker, Shelby County, Tennessee, and Shelby County Retirement Board.

Deborah Godwin and Timothy Taylor, Memphis, Tennessee, for the appellee, International Brotherhood of Electrical Workers, Local 474.

### OPINION

Florence Collier Hall ("Plaintiff") worked for the Shelby County Health Department from approximately July 1, 1983, until her voluntary resignation on January

27, 1992. On November 12, 2015, at the age of sixty-three, Plaintiff contacted the Shelby County retirement office to request a deferred vested retirement pension under Shelby County's Retirement Plan. The pension retirement plan in effect at the time Plaintiff was hired in 1983 was Shelby County's Retirement Plan A ("Plan A"). Under the terms of Plan A, a normal retirement pension was a "pension payable to a Participant (a) whose Termination occurs on or after his [or her] Normal Retirement Age or (b) whose Termination is a Public Safety Retirement." A Public Safety Retirement required twenty-five years of Credited Service, where at least twenty years were in Public Safety Service or the last fifteen years were in Public Safety Service. Plaintiff's termination did not occur after she attained the "Normal Retirement Age" of sixty-five, and Plaintiff did not have twenty-five years of Credited Service. Therefore, Plaintiff sought a "Deferred Vested Pension," which is a "Pension earned by Terminated Participant who was under the age of fifty-five at the time of his [or her] Termination but who had completed at least ten years of Credited Services prior to his [or her] Termination."

The Shelby County Retirement Board ("Retirement Board") denied Plaintiff's request for a deferred pension in a letter addressed to Plaintiff dated March 8, 2016. The Retirement Board held that Plaintiff failed to accrue the minimum ten years of credited employment with Shelby County required for eligibility for a deferred vested retirement pension. Shortly thereafter, Plaintiff requested an administrative appeal and hearing before the Retirement Board to review the denial of her pension. The Retirement Board held Plaintiff's hearing during their regularly scheduled monthly meeting on June 7, 2016, wherein Plaintiff gave a statement at the hearing and answered questions from the Retirement Board under oath. Plaintiff also had the opportunity to present any documentary evidence or witness for consideration of the Retirement Board in reviewing Plaintiff's request for a pension benefit.

Following the hearing, the Retirement Board verbally denied Plaintiff's request for a pension benefit. In addition to notifying Plaintiff verbally at the appeal hearing, the County also informed Plaintiff of the Retirement Board's denial in writing by a letter dated June 9, 2016. The notice set forth the Retirement Board's reasons for denying the Plaintiff's request and referenced the Plaintiff's failure to have accrued at least ten years of credited employment with Shelby County.

On June 6, 2017, Plaintiff filed a complaint in the chancery court titled "Breach of Contract Plan A 1978 Installment Retirement Pension" alleging a breach of contract by the Retirement Board and the International Brotherhood of Electrical Workers, Local Union 474 ("IBEW") for denying her pension request. In her complaint, Plaintiff stated that the Retirement Board and the IBEW "violated [her] rights by denying her a pension." The Retirement Board and the IBEW each submitted a separate Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure.

In its motion, the IBEW argued that "there are no allegations anywhere in the Complaint that [the IBEW] had any role in any decision regarding the Plaintiff's retirement benefits…." In its motion, the Retirement Board argued *inter alia* that Plaintiff's self-titled complaint should be treated as a petition for a writ of certiorari. "Although [Plaintiff's] Complaint was not styled as a petition for writ of certiorari action, it appeared to be an appeal of the Retirement Board's decision disallowing [Plaintiff's] request for a pension." Further, the Retirement Board noted Plaintiff filed her petition over eleven months after the Retirement Board provided Plaintiff with notice of its decision at the appeal hearing. The Retirement Board noted that a petition for a writ of certiorari must have been filed within sixty days from the final judgment or order, citing Tennessee Code Annotated section 27-9-102. Therefore, the Retirement Board argued the chancery court did not have subject matter jurisdiction to review the petition because Plaintiff failed to file within the statutory time limit.

On January 18, 2018, the chancery court granted both motions, stating:

> A petition for a writ of certiorari under either Tenn. Code Ann. § 27-9-101 et seq. or Tenn. Code Ann. § 27-8-101 et seq. must have been filed within 60 days after the decision in the Appeal Hearing was rendered and Notice was received. Plaintiff failed to meet this deadline, as she filed her Complaint in this Court more than 11 months after the Appeal Hearing and the provision of Notice.

The court further stated that "[o]ut of an abundance of caution, the Court treated the Plaintiff's Complaint as alleging a claim for a breach of contract, as well as setting forth claims for a common-law and/or statutory writ of certiorari from the Pension Board's decision." Therefore, the court also held, "Plaintiff also failed to state a claim for a breach of contract . . . upon which relief may be granted because she did not have the required years of credited service to warrant the grant of a pension under Plan A." Plaintiff timely filed a notice of appeal on February 9, 2018.

## ANALYSIS

The dispositive issue in this appeal is whether the chancery court correctly determined that it did not have subject matter jurisdiction to adjudicate Plaintiff's complaint.

A Rule 12.02 motion to dismiss "seeks only to determine whether the pleadings state a claim upon which relief can be granted." *Edwards v. Allen*, 216 S.W.3d 278, 284 (Tenn. 2007). Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiffs' proof. *Id.* A Rule 12.02 motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716

(Tenn. 1997). In considering a motion to dismiss, we are required to take the relevant and material factual allegations in the complaint as true and to construe liberally all allegations in favor of the plaintiffs. *Id.*

The question of whether a court has subject matter jurisdiction is a question of law. *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006). Therefore, we review the issue de novo with no presumption of correctness given to the ruling of the chancery court. *Id.*

The concept of subject matter jurisdiction addresses a court's power to adjudicate a particular type of case or controversy. *Id.* at 541-42. "A court derives its subject matter jurisdiction, either explicitly or by necessary implication, from the Tennessee Constitution or from legislative acts." *Id.* at 542 (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999)).

> The existence of subject matter jurisdiction depends on the nature of the cause of action and the relief sought. Thus, when a court's subject matter jurisdiction is questioned, it must first ascertain the nature or gravamen of the case. The court must then determine whether the Tennessee Constitution, the General Assembly, or the common law have conferred on it the power to adjudicate cases of that sort. Both determinations present questions of law which this court reviews de novo without a presumption of correctness.

*Id.* (internal citations omitted).

Tennessee Code Annotated section 27-9-101 provides that anyone "aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have the order or judgment reviewed by the courts." Tennessee Code Annotated section 27-9-102 requires that a sworn petition for writ of certiorari be filed within sixty days from the entry of the order or judgment. "Failure to file within the statutory limit deprives the court of subject matter jurisdiction." *Gore v. Tennessee Dep't of Correction*, 132 S.W.3d 369, 379 (Tenn. Ct. App. 2003) (citing *Wheeler v. City of Memphis*, 685 S.W.2d 4 (Tenn. Ct. App. 1984)).

In this case, Plaintiff filed a complaint in the chancery court on July 8, 2017, titled "Breach of Contract Plan A 1978 Installment Retirement Pension," challenging the Retirement Board's decision from June 9, 2016. Tennessee Code Annotated section 27-9-102 requires a sworn petition for a writ of certiorari be filed within sixty days from the entry of the order or judgment. Plaintiff titled her petition as a complaint for a breach of contract action; however, Plaintiff sought the chancery court's review of the Retirement Board's decision, which is an administrative board.

> The common law writ of certiorari was developed to provide a means whereby a petitioner who was without avenue of appeal or direct review could obtain limited review over action by a court or other tribunal exercising quasi-judicial functions. The purpose of the writ was, and is, to have the entire record of the inferior tribunal brought before the court to determine, from the record alone, whether that body proceeded according to the applicable law.

*Gore*, 132 S.W.3d at 375 (internal citation omitted). Despite Plaintiff titling her petition as a complaint for a breach of contract, we have determined that the chancery court was correct in treating Plaintiff's complaint as a petition for a writ of certiorari. "It is well settled that a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995).

Further, Plaintiff submitted her petition to the chancery court on July 8, 2017, over eleven months after receiving notice of her denial from the Retirement Board dated June 9, 2016. Tennessee Code Annotated section 27-9-102 requires that a sworn petition for a writ of certiorari be filed within sixty days from the entry of the order or judgment. Therefore, the chancery court did not have subject matter jurisdiction to review the Retirement Board's decision.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Florence Collier Hall.

_____
FRANK G. CLEMENT JR., P.J., M.S.