IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2002 Session

## CHARLES GARRISON, ET AL. v. JAMES C. STAMPS

**Appeal from the Probate Court for Wilson County**
**No. None    Robert P. Hamilton, Judge**

---

**No. M2001-02900-COA-R3-CV - Filed February 6, 2003**

---

Charles Garrison and James C. Stamps were involved in an automobile accident on October 10, 1998 wherein Garrison was seriously injured. Stamps was uninsured, and Garrison was beneficiary of uninsured motorists coverage under policies of insurance issued to his parents. With no suit ever filed against Stamps, Garrison and his parents reached an agreement with the uninsured motorists carriers whereby the carriers paid the limits of their uninsured motorists coverage. Charles Garrison being a minor, a Petition for court approval of the settlement was filed naming Stamps as the defendant, and an Order was entered approving the settlement. Garrison then filed suit against Stamps, which suit was met with a Summary Judgment Motion by Stamps claiming that he was released from liability by the settlement Order. Garrison filed a Tennessee Rule of Civil Procedure 60.02 Motion seeking to have the settlement Order revised to reflect the true facts of the settlement. This Motion was granted, and Stamps appeals. We hold that Stamps is without standing to assert any rights under the settlement Order and, on this basis, affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed.**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., SP. J., joined.

Lawrence Alan Poindexter, Lebanon, Tennessee, for the appellant, James C. Stamps.

Frank Lannom, Lebanon, Tennessee, for the appellees, Charles Garrison by Next Friend and Mother, Glenda Garrison, and Glenda Carol Garrison, Individually.

### OPINION

On October 10, 1998, Charles Garrison, then a minor age sixteen years, while driving a motor vehicle, was struck and seriously injured by an automobile driven by James C. Stamps, an uninsured motorist.

Charles Garrison was an additional insured under policies of insurance separately issued to his parents, Glenda Carol Garrison and Wendell Garrison, by State Farm Insurance Company and Guidance Specialty Mutual Insurance Company respectively. Uninsured motorists coverage under each policy was $25,000, and the companies agreed to pay their respective policy limits.

Glenda Carol Garrison, as mother and next friend of the minor Charles Garrison, sought court approval of this settlement by a Petition filed April 8, 1999 naming James C. Stamps as "defendant." No process was ever issued for James C. Stamps or served upon him, and he was apparently unaware of the settlement Petition. After reciting the essential facts of the accident, the uninsured status of James C. Stamps, and his residence in Wilson County, Tennessee, the Petition stated:

> 6. The Petitioners have reached a settlement of all claims for personal injury of the minor, Charles Garrison, under the terms of which the Defendant will pay the minor's Mother will receive on behalf of the minor the sum of $50,000.00, which will be in full and final satisfaction and settlement of any claims for damages of the minor Plaintiff arising from the foregoing accident. Please see the attached Contract signed by all parties setting out the fee agreement in this matter.
>
> 7. Your Petitioners show that the Defendant has reimbursed the minor's Mother and guardian for all out of pocket expenses incurred for the minor's treatment.
>
> WHEREFORE, Petitioners respectfully petition this Court to conduct a hearing, review and approve settlement, and enter judgment thereon.

On the same day the Petition was filed, an Order was entered approving the settlement, which Order provided, in part:

> This cause came to be heard on this the 8th day of April, 1999, before the Honorable Robert P. Hamilton, Judge, holding the Probate Court for Wilson County, Tennessee, upon the Joint Petition of Charles Garrison by next friend and Mother Glenda Carol Garrison for approval of a minor settlement from an accident occurring on October 10, 1998. The Court finds that the settlement of the minor's cause of actions is in the best interest of the minor child. Further, that it is in the best interest of the minor child that the net recovery in the amount of $29,350.26, be held by the Clerk of the Court in favor of the minor child, Charles Garrison, for the support, maintenance and education of the minor under further orders of the Court. The fund to be disbursed to the minor child upon the child reaching adulthood.

We are advised in the briefs and at the bar of this Court that two days prior to the expiration of the statute of limitations, suit was filed in the Circuit Court of Wilson County by Charles Garrison against James C. Stamps for personal injuries resulting from the October 10, 1998 accident. The record before this Court does not contain such Complaint, nor any of the proceedings in that case,

but we are again, in briefs and at the bar of the court, advised that the personal injury Complaint was met by a Motion for Summary Judgment which asserted that the settlement Petition and the Order approving same had *res judicata* effect and barred the personal injury action against Stamps.

The record at bar does disclose that, on August 17, 2001, counsel for Garrison filed a Motion to Amend the Order of April 8, 1999, pursuant to Tennessee Rule of Civil Procedure 60. This Motion to Amend asserted:

> That the Plaintiff, Charles Garrison was injured in automobile accident on the 10th day of October, 1998. That the Plaintiff, Charles Garrison, was struck by an automobile driven by James C. Stamps. Mr. Stamps was convicted in relation to this accident of vehicular assault by intoxication and sentenced to a term in the Wilson County Jail and convicted of felony charges in relation to the accident. That the Plaintiff pursued compensation from the insurance policies of each of the Plaintiff's parents for payment for injuries received in the accident which were extensive resulting in medical bills in excess of $100,000.00.

> That attorneys for the Plaintiff discovered coverage of insurance policies held by the Plaintiff's parents upon which the insurance companies representing each of the Plaintiffs parents agreed to pay $50,000.00 for the minor child's benefit. That the Plaintiff being a minor required his settlement to be approved by the Probate Court of Wilson County, Tennessee. A Petition was filed by Charles Garrison by next friend and mother, Glenda Garrison, for approval of this minor settlement intended to resolve all issues between the Plaintiff and his parents' uninsured motorist carrier.

> That the Order entered by this Court, while it does not make any specific findings that relieve the Defendant, James C. Stamps, of liability, does contain language upon whom Defendant avers relieves him of liability. The Petition filed requesting the Order also contains similar language.

> The Order and Petition if read in the light requested by his Motion for Summary Judgment are the result of clerical errors and oversights by counsel for the Plaintiff.

> In reality the Defendant never answered the lawsuit or contributed anything to the settlement reached between the minor child and his parents' insurance company. Rule 60 allows modifications as in the present case and the Plaintiff requests the opportunity to amend the Order and Petition to reflect the truth as to what occurred and avers that the facts justify reasons pursuant to this Rule.

On October 10, 2001, the Probate Court of Wilson County entered an Order granting the Petition pursuant to Rule 60.02(5), and from that order the non-party thereto, James C. Stamps, purports to appeal.

The only record before this Court is the record in the minor settlement case before the Probate Court of Wilson County. The record contains nothing concerning the personal injury action against James C. Stamps. The appeal is not from a denial of Summary Judgment in the personal injury action but, rather, from a grant in the minor settlement probate proceeding of a Rule 60.02(5) Motion by the probate court. Appellant Stamps is not a party to the probate court proceeding and has no standing either to resist the Rule 60.02(5) Motion or to perfect an appeal from the grant thereof. Standing is a judge made doctrine under which courts refuse to determine the merits of a legal controversy where the party advancing it is not properly situated to prosecute the action. *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976).

Appellant was named as defendant in the Petition for Approval of the minor settlement, but no process was ever issued or intended to be issued in order to bring him before the court. He had no interests in the $50,000 paid by the insurance companies to the Garrisons under their respective uninsured motorists coverage. He is not named in the Order of the court of April 8, 1999, approving the settlement. The Order in no way imposed liability upon him or relieved him of liability. In short, he is not a party to the probate proceedings for the minor settlement approval, nor is he in privity with any party to that proceeding. It is unnecessary for this Court to determine whether or not the Rule 60.02(5) Motion was properly granted by the probate court since Appellant has no standing either to oppose such action or to appeal such action. *Mayhew v. Wilder*, 46 S.W.3d 760 (Tenn. Ct. App. 2001); *Rainey v. Rainey*, 795 S.W.2d 139 (Tenn. Ct. App. 1990); *Industrial Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382 (Tenn. Ct. App. 1995).

The appeal is dismissed with costs assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE

-4-