IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 21, 2013 Session

# GREGORY ANDERSON d/b/a ABC PAINTING COMPANY v. THE METROPOLITAN DEVELOPMENT AND HOUSING AGENCY

**Appeal from the Chancery Court for Davidson County**
**No. 111093II      Carol L. McCoy, Chancellor**

---

**No. M2012-01789-COA-R3-CV - Filed July 26, 2013**

---

A painting contractor filed a complaint against Nashville's Metropolitan Housing and Development Agency (MDHA) alleging that the agency had violated its own rules by failing to choose him as the lowest bidder on a painting contract.  The trial court dismissed the complaint, holding that it lacked subject matter jurisdiction because an administrative decision, such as the award of a painting contract, can only be challenged through a petition for writ of certiorari, and the contractor had filed his complaint after the sixty day time limit for filing the writ had passed.  *See* Tenn. Code Ann. § 27-9-102.   We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Phillip Leon Davidson, Nashville, Tennessee, for the appellant, Gregory Anderson d/b/a ABC Painting Company.

Harold Frederick Humbracht, Jr., Nashville, Tennessee, for the appellee, The Metropolitan Development and Housing Agency.

## OPINION

### I. PROCEEDINGS IN THE TRIAL COURT

Gregory Anderson is a contractor who has done work for the Metropolitan Development and Housing Agency (MDHA) under the name ABC Painting Company. MDHA issued requests for bids in 2008, 2009 and 2010.  Anderson bid on contracts in 2008 and 2010, and was awarded contracts during those years.  MDHA cancelled the 2010

contract because Anderson failed to provide adequate evidence of insurance as required by the bid specifications. MDHA did not solicit bids for painting contracts in 2011.

On August 10, 2011, about one year after the last solicitation of bids that he participated in, Anderson filed a complaint against MDHA in the Chancery Court of Davidson County. He alleged that the agency had awarded numerous painting contracts for work in MDHA housing to higher bidders who were less qualified than he was, in violation of law and policy directing the agency to award contracts to the lowest qualified bidders. He claimed that he had lost profits as a result of the MDHA's actions, and he asked the court to award him his lost income and to order the agency to follow its own bidding procedures and the applicable laws.

Anderson based his claim on MDHA's procurement policies, which are found in Section II of the agency's nineteen page handbook. The handbook states that for contracts valued at less $100,000 but more than $2,000, the agency is required to solicit price quotations from three offerors. After receiving the quotations, "[a]ward shall be made to the offeror providing the lowest acceptable quotation unless justified in writing." Anderson claims that he made the lowest offer for several contracts, but that his offers were not accepted and that the agency did not justify its decisions in writing.[1]

On May 24, 2012, MDHA filed a motion to dismiss, contending that the trial court lacked subject matter jurisdiction over Anderson's claim. The agency argued that the only appropriate way to contest its award of a contract is by way of a common law writ of certiorari, which must be filed within 60 days of the award being contested. Anderson filed a response to the motion in which he argued to the contrary that chancery court had subject matter jurisdiction because the common law writ of certiorari was not the sole remedy available to a party suing a municipal body for failing to comply with bidding requirements.

The trial court conducted a hearing on the motion to dismiss and agreed with MDHA. The court filed an order on July 27, 2012 dismissing Anderson's complaint. The order stated that ". . . while Plaintiff has standing to bring this claim protesting the award of contracts issued by MDHA, the proper procedure for doing so is by common law writ of certiorari." This appeal followed.

---

[1] We note that Section XII of the handbook also allows the agency to use an "Alternative Procurement Process" when it contracts with "businesses owned in substantial part by MDHA residents," because "[t]his has been a proven strategy for moving low-income persons out of poverty and dependency."

## II. ANALYSIS

### A. The Standard of Review

Courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative acts. *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Suntrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000). They cannot exercise subject matter jurisdiction unless it has been conferred on them explicitly or by necessary implication. *Dishmon v. Shelby State Community College*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). The presence or absence of subject matter jurisdiction is a question of law. Accordingly, we review that question on appeal *de novo* without a presumption of correctness. *Northland Insurance Co. v. State,* 33 S.W.3d 727, 729 (Tenn. 2000); *Nelson v. Wal-Mart Stores*, 8 S.W.3d 625, 628 (Tenn. 1999); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

### B. The Remedy of Certiorari

Tennessee Code Annotated § 27-9-101 et seq is the portion of the Tennessee Code that governs judicial review of the acts of public bodies such as boards and commissions. Its provisions have been applied to a wide variety of such bodies. See *Watts v. Civil Service Bd. for Columbia*, 606 S.W.2d 274, 284 (Tenn. 1980); *Wheeler v. City of Memphis*, 685 S.W.2d 4 (Tenn. Ct. App. 1984) *Walker v. Metro. Bd. Of Parks And Recreation*, M2007-01701-COA-R3-CV, 2009 WL 5178435 (Tenn. Ct. App. Dec. 30, 2009)(rule 11 perm. app. denied June 30, 2010). The statute declares that "[a]nyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have the order or judgment reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter.

Tenn. Code Ann. § 27-9-102 describes the avenue an aggrieved party is permitted to follow to obtain judicial review of the actions of a public body like the MDHA.

> Such party shall, within sixty (60) days of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners or any one (1) or more of the material defendants reside or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order of judgment is erroneous, and praying for the accordant review.

Our courts have held many times that the time limit for filing is jurisdictional, and

they have dismissed petitions for the writ for lack of subject matter jurisdiction because they were untimely filed. *See*, *Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994); *Wheeler v. City of Memphis*, 685 S.W.2d at 6; *Fairhaven Corporation v. Tennessee Health Facilities Commission*, 566 S.W.2d 885, 887 (Tenn. Ct. App. 1976).

We note that the above statutes refer to court review of an order or judgment, thus implying the existence of some sort of quasi-judicial procedure at the administrative level that the aggrieved party has recourse to before having to turn to the courts. Such a procedure makes it possible for the grievance to be resolved at a level closer to the events that gave rise to it, which is the preferable result, because

> Courts are wary of unwarranted judicial intrusions into the performance of ordinary governmental activities. . . Since procuring goods and services is a type of routine activity that is best left to governmental officials, most courts have recognized that public procurement authorities have wide discretion with regard to accepting bids or any of the other details of entering into a contract.

*Metro. Gov. of Nashville*, 842 S.W.2d 611, 619 (Tenn. Ct. App. 1992).

The procedure for review in this case is found in Section VII of the MDHA handbook, which is titled "Appeals and Remedies. It declares among other things, that ". . . any protest against an award of a solicitation must be received from an offeror within fifteen (15) calendar days of award (Board approval, execution of contract or Purchase Agreement), or the protest will not be considered." The handbook also describes a series of graduated steps the agency is required to follow to resolve such a protest once it is received, including the participation of the MDHA Executive Director.

Anderson did not file a protest with the MDHA related to any of the awards he objected to. Consequently, he did not pursue available administrative remedies. Additionally, he did not comply with the sixty day requirement for the filing of a petition for writ of certiorari. This court previously reached the same conclusion in the case of *Herbert v. Bd. of Educ. of Memphis City Schools*, W2008-02383-COA-R3-CV, 2009 WL 4878586 (Tenn. Ct. App. Dec. 17, 2009) (no Tenn. R. App. P. 11 application filed). In that case, a public school teacher filed a breach of contract complaint to challenge a Board of Education decision regarding disability leave. We held that the trial court properly dismissed her complaint because her failure to file a petition for writ of certiorari deprived it of subject matter jurisdiction. The reasoning we used in *Herbert* applies to this case as well.

## C. Anderson's Arguments on Appeal

Anderson bases his arguments on appeal on a strained reading of the meaning of Tenn. Code Ann. § 27-9-101 as well as on an earlier decision of this court in a case which involved a municipal bidding process, but which did not touch on the primary issue in the case before us. Anderson's statutory argument focuses on the single word "may" in Tenn. Code Ann. § 27-9-101, which declares that parties aggrieved by the actions of such bodies "*may* have the order or judgment reviewed by the court . . . in the manner provided by this chapter." (emphasis added).

The only manner of review provided by "this chapter" is the writ of certiorari. Anderson contends, however, that the use of the permissive word "may" in the above sentence, rather than a directive word like "shall" or "must," implies that there are other avenues of relief open to an aggrieved party. In the context of the statute, however, "shall" or "must" would make no sense, for no obligation to seek judicial relief is imposed on an individual who disagrees with the decision of an administrative body.

Anderson insists that "there is nothing ambiguous about the word 'may.' It is permissive, not exclusionary." We agree that the use of the word "may" in the statute is permissive, but only because it indicates that an option for judicial review exists, which the aggrieved party may or may not choose to take advantage of. *See In re Estate of Austin*, 920 S.W.2d 209, 210 (Tenn. 1996) (holding that a change of wording from "shall" to "may" in a statute regarding the administration of estates affected only the manner in which a decedent's property may be sold, rather than the obligation to sell).

Anderson also relies on the case of *Browning-Ferris Industries v. Oak Ridge*, 644 S.W.2d 400 (Tenn. Ct. App. 1982), which he points out has never been overruled and has been cited approvingly by the courts on numerous occasions. In that case, this court was asked to decide whether a low bidder had standing to sue the city for its alleged violation of provisions in the city's charter and of its ordinances regarding bidding procedures. We determined that the low bidder did indeed have standing. Anderson insists that there is no meaningful distinction between the question of standing as discussed in *Browning-Ferris* and the question of subject matter jurisdiction in this case.

While lack of standing, like lack of subject jurisdiction, can result in dismissal of a claim at a very early stage of litigation, they are, in fact, two separate and distinct doctrines. Standing is a court-made doctrine that is used to determine whether a particular plaintiff has alleged a sufficiently personal stake in the outcome of the litigation to warrant a judicial resolution of the dispute. *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976); *Garrison v. Stamps,* 109 S.W.3d 374, 377 (Tenn. Ct. App. 2003). Thus, the primary focus

of a standing inquiry is on the party, not on the merits of the claim. *City of Brentwood v. Metro. Bd. of Zoning Appeals,* 149 S.W.3d 49, 56 (Tenn. Ct. App. 2004).

In *Browning-Ferris,* the question before the court was whether the unsuccessful low bidder had standing to sue the governmental authority for its failure to comply with competitive bidding requirements.[2] We noted that there was a split of authority on the question, but we concluded that the better reasoned view was that the economic injury suffered by the low bidder amounted to a sufficient personal stake in the litigation to give him standing to sue. *Browning-Ferris,* 644 S.W.2d at 402. In the case before us, the trial court held that Anderson had standing to seek judicial review of the MDHA's action, which is consistent with our conclusion in *Browning-Ferris*.

But the trial court also found that it lacked subject matter jurisdiction over Anderson's complaint because he had failed to file a petition for writ of certiorari within the statutory time limit. The focus of a jurisdictional inquiry is neither on the party nor on the merits of the claim, but solely on the extent of the power that has been conferred on the court by the Constitution or by the legislature. Tenn. Code Ann. § 27-9-102 sets out the jurisdictional parameters of the court's power to adjudicate claims brought by parties aggrieved by the orders or judgments of public bodies. Anderson's complaint falls outside those parameters. We therefore affirm the trial court's dismissal of that complaint.

### III.

The judgment of the trial court is affirmed. Remand this case to the Chancery Court of Davidson County for any further proceeding necessary. Tax the costs on appeal to the appellant, Gregory Anderson d/b/a ABC Painting Company.

_____
PATRICIA J. COTTRELL, JUDGE

---

[2]Our opinion in *Browning-Ferris* contains no indication that the question of jurisdiction was ever raised at any point in the course of that litigation.