IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 7, 2000 Session

## ZEBEDEE JOHNSON v. METROPOLITAN GOVERNMENT FOR NASHVILLE DAVIDSON COUNTY, TENNESSEE

**Direct Appeal from the Circuit Court for Davidson County**
**No. 00C-1017     Carol Soloman, Judge**

---

**No. M2000-01626-COA-R3-CV - Filed February 9, 2001**

---

This appeal arises from the dismissal of Employee from Hospital operated by Government. Employee filed complaint requesting declaration that he had not been properly dismissed. Trial court dismissed action on the basis that Government was exempt from liability under the Tennessee Governmental Tort Liability Act. We affirm the ruling on the basis that Employee failed to file a writ of certiorari within the sixty days allotted by statute.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which BEN H. CANTRELL and HOLLY K. LILLARD, J.J., joined.

Richard Dance, Nashville, Tennessee, for the appellant, Zebedee Johnson.

Karl F. Dean, William Michael Safley and Shayna Abrams, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County, Tennessee.

## OPINION

Zebedee Johnson was employed by the Metropolitan Nashville General Hospital ("Hospital") as a registered nurse. Due to his recent promotion to this position, Mr. Johnson was fulfilling a six-month probationary period. On January 26, 1999, Mr. Johnson received a letter from the Assistant Director of Nursing, Joyce Bennett, terminating him for excessive tardiness. The letter stated that the termination was "taken in accordance with the Rules and Regulations of the Metropolitan Department of Hospitals, Chapter 6, Section 6.3, Separation of Probationary Employees, and is not subject to the appeal process."

Mr. Johnson filed an action in Chancery Court against the Metropolitan Government for Nashville, Davidson County, Tennessee ("Metro") on May 4, 1999. The complaint requested several

"declarations" including declarations that Mr. Johnson's employment with Hospital had not been legally terminated, that he was entitled to permanent employment with Hospital, and that he was entitled to back pay and damages. In the alternative, Mr. Johnson requested a declaration that he was entitled to permanent employment for the position he held at Hospital before his promotion.

After hearing a number of motions, the Chancery Court transferred the case to Circuit Court. Upon motion of Metro, the circuit court granted a motion to dismiss the claim on the basis that the termination of Mr. Johnson was a tortious act and that Metro was thereby immune from liability pursuant to the Tennessee Governmental Tort Liability Act. This appeal followed.

The issues, as we perceive them, are as follows:

I.      Was Mr. Johnson required to file a writ of certiorari in order to challenge his termination by Hospital?

II.     Did the trial court have the jurisdiction over Mr. Johnson's declaratory judgment action?

With respect to a trial court's legal conclusions, our review is ***de novo*** with no presumption of correctness. ***See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.***, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d).

**Writ of Certiorari**

In Tennessee, actions by administrative agencies involving the termination of employees may be reviewed by the courts. Tenn. Code Ann. § 27-9-101 *et seq.* (2000). This review is afforded to the courts by the common law writ of certiorari. ***See Watts v. Civil Serv. Bd. for Columbia***, 606 S.W.2d 274 (Tenn. 1980); ***Wheeler v. City of Memphis***, 685 S.W.2d 4 (Tenn. Ct. App. 1984). This writ "may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." Tenn. Code Ann. § 27-8-101 (2000). Such a writ must be filed "within sixty (60) days from the entry of the order or judgment." Tenn. Code Ann. § 27-9-102 (2000). Failure to file a writ within this period precludes review of such decisions by the courts. ***See Wheeler***, 685 S.W.2d at 6.

Mr. Johnson was terminated by Hospital on January 26, 1999. Under Hospital's Civil Service Rules, he was not entitled to any administrative appeal because he was on probationary status when dismissed. He was entitled, however, to seek a writ of certiorari from the courts to review this decision as afforded under section 27-9-101 of the Tennessee Code. This writ must have been filed within 60 days of the dismissal of Mr. Johnson in order for a court to have jurisdiction over this matter.

Mr. Johnson filed a complaint on May 4, 1999, requesting a court to review the decision of Hospital and make several declarations on his behalf. Though not styled as a request for a writ of certiorari, the court should have treated it as such as this writ is the only mechanism by which a court may review such administrative decisions. This complaint was filed well after the 60 day limit. As a result, the trial court did not have jurisdiction over this matter.

**Jurisdiction**

"The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated. Thus, when an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal." *Dishmon v. Shelby State Community College*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citation omitted).

Once the statutory time limit for the filing of a writ of certiorari had expired, the decision of Hospital in dismissing Mr. Johnson was no longer reviewable. *See Fairhaven Corp. v. Tennessee Health Facilities Comm'n*, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976); *Wheeler*, 685 S.W.2d at 6. This fact deprives the court of subject matter jurisdiction in Mr. Johnson's action. *See Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994). As the trial court lacked subject matter jurisdiction, the only proper response of this court is to insure the dismissal of the case for the lack of such jurisdiction. The trial court did dismiss this case, though it cited provisions in the Tennessee Governmental Tort Liability Act as the basis for its dismissal. We hereby affirm its ruling, pausing only to note that this action should have been dismissed because of the lack of subject matter jurisdiction.

**Conclusion**

Based on the foregoing conclusions, we hereby affirm the trial court's judgment. Costs on appeal are assessed against the Appellant, Zebedee Johnson, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE