IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 1, 2003

# ERIC YOUNG v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 01-3053-III     Ellen Hobbs Lyle, Chancellor**

_____

**No. M2002-01086-COA-R3-CV - Filed August 7, 2003**

_____

A prison inmate was convicted of a disciplinary offense, and sentenced to punitive segregation. He filed a Petition for Writ of Certiorari, claiming there were serious procedural defects in the disciplinary proceeding. The trial court dismissed his Petition as time-barred. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Eric Young, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Shay B. Winebarger, Assistant Attorney General, for the appellee, State of Tennessee.

Tom Anderson, Jackson, Tennessee, for the appellees, Kevin Myers, Daniel Devers, Jeffrey Spice and Charles Griffin.

## OPINION

### I. A DISCIPLINARY CONVICTION

This case arose while Eric Young was an inmate at the South Central Correctional Facility, a prison in Wayne County operated by Corrections Corporation of America (CCA). He was cited for threatening a correctional officer on April 25, 2001, and was found guilty of the charge on April 27. He was sentenced to ten days punitive segregation, and to a four month package restriction. He was later transferred to administrative segregation at the Riverbend Maximum Security Institute as a security risk.

On May 10, Mr. Young filed an administrative appeal of his conviction, alleging among other things that he was convicted without the benefit of a disciplinary hearing. The conviction was affirmed by Assistant Commissioner of Correction Jim Rose on May 28, 2001.

On October 2, 2001, Mr. Young filed a "Petition for Common Law and/or Statutory Writ of Certiorari" in the Chancery Court of Davidson County. He named the Tennessee Department of Correction (TDOC), Commissioner Donal Campbell and Assistant Commissioner Rose as respondents. He also named Warden Kevin Myers and three other correctional officers, all CCA employees.

The Petition alleges that Mr. Young initially decided to plead guilty to the disciplinary charge in exchange for a suspended sentence of punitive segregation and "to avoid the aggravation." He later told Correctional Officer and respondent Jeffrey Spice that he had changed his mind. Officer Spice, who was the chairman of the disciplinary board, allegedly then told him he would not receive a hearing, and slid a hearing summary under his cell door "moments later." Mr. Young also claims that after Assistant Commissioner Rose rejected his appeal, he filed an "unofficial" appeal with Commissioner Donal Campbell.

## II. PROCEEDINGS IN THE TRIAL COURT

On January 29, 2002, the petitioner moved the court to grant him partial summary judgment on his claim that the disciplinary board had imposed punishment on him in violation of Tenn. Code Ann. § 41-24-110(5). The statute in question forbids the Department of Correction to delegate disciplinary actions to private prison contractors.

The procedure required by statute and approved by our Supreme Court allows disciplinary panels made up of employees of private contractors to conduct disciplinary hearings and make recommendations, but requires the concurrence of a TDOC employee designated by the Commissioner before punishment can actually be imposed. *Mandela v. Campbell,* 978 S.W.2d 531 (1998).

Mr. Young claimed that the document Officer Spicer gave him only contained the officer's signature. But the Department filed a response to the motion, in which it asserted that the Commissioner's designee had in fact signed the final version of the Disciplinary Hearing Summary. The record contains a certified copy of the document with the designee's signature affixed.

On February 1, 2002, the CCA respondents filed a Motion to Dismiss for failure to state a claim under Rule 12.02(6). On February 6, the TDOC respondents filed a Motion for Summary Judgment. They contended that Mr. Young's claim was time-barred by the statute of limitations, and denied that the disciplinary board had violated any applicable rules and regulations. They also filed a certified copy of Mr. Young's disciplinary record. The petitioner filed a response to the claim of being time-barred, in which he set out the details of his alleged informal appeal to the Commissioner.

The trial court ruled on all pending motions in a Memorandum and Order filed on May 3, 2002. The court rejected Mr. Young's theory as to his informal appeal, held that his petition was time-barred, and dismissed it with prejudice. The petitioner filed a Motion to Alter or Amend the Judgment, which was dismissed. This appeal followed.

### III. TENN. CODE ANN. § 27-9-102

A petition for writ of certiorari must be filed within sixty days of the entry of the order or judgment appealed from. Tenn. Code Ann. § 27-9-102. The statutory time limit is jurisdictional. Thus, trial courts lack subject matter jurisdiction to consider petitions that are filed after the sixty days have passed. *Hickman v. Tennessee Bd. of Paroles* 78 S.W.3d 285 (Tenn. Ct. App. 2001); *Johnson v. Metropolitan Government for Nashville Davidson County,* 54 S.W.3d 772 (Tenn. Ct. App. 2001); *Thandiwe v. Traughber*, 909 S.W.2d 802 (Tenn. Ct. App. 1994).

The trial court deemed the final administrative order in this case to be that of Assistant Commissioner Rose, rejecting Mr. Young's appeal of his disciplinary conviction. Since that order was filed on May 28, 2001, and Mr. Young's Petition for Writ of Certiorari was not filed until October 2, 2001, the court concluded that consideration of the writ was barred by the sixty day rule.

But Mr. Young insists that he filed another "informal appeal" to the Commissioner, and that a letter from the Commissioner's administrative assistant dated August 23, 2001 is actually the order his Petition addresses. According to his own account, Mr. Young mailed an appeal to a relative, and advised her to forward it to Commissioner Campbell.[1]

The letter Mr. Young refers to is found in the record. The letter is addressed to Ms. Yvonne Jackson-Lewis. It begins, "Commissioner Campbell has referred your letter of July 29 regarding your nephew's continued placement on administrative segregation to me for response." The letter goes on to state that Mr. Young was convicted of nineteen disciplinary infractions prior to being placed in administrative segregation, and that he was convicted of two additional infractions since.

The letter also states that Mr. Young's best chance for release from administrative segregation would be to remain free of disciplinary infractions for six to twelve months, and it addresses the procedures for prison visitation. Nowhere in the letter is there any discussion of Mr. Young's appeal of his disciplinary conviction of April 27, 2001, or of his allegations of procedural irregularities in that conviction.

We therefore agree with the trial court that the alleged mailing of his appeal to Commissioner Campbell does not constitute the Commissioner receiving and reviewing the appeal, and that the letter from the Commissioner's Administrative Assistant does not amount to an affirmance of the

---

[1] Mr. Young states that he followed this route because Warden Myers told him that he would not forward his appeal to Commissioner Campbell.

-3-

disciplinary board's action.  Since Mr. Young's petition is time-barred, we pretermit all other issues raised in his appeal.

## IV.

The order of the trial court is affirmed.  Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion.  Tax the costs on appeal to the appellant, Eric Young.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.