IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 3, 2017

## MARDOCHE OLIVIER v. CITY OF CLARKSVILLE, ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. 16-CV-1496   Ross H. Hicks, Judge**

_____

### No. M2016-02474-COA-R3-CV

_____

This appeal arises out of the alleged wrongful seizure of Plaintiff's personal property, mainly cars and trailers, which were removed from Plaintiff's residence by order of the City of Clarksville Building and Codes Director. Instead of appealing the decision of the Building and Codes Director pursuant to Tenn. Code Ann. §§ 27-9-101 and -102, Plaintiff filed suit against the City of Clarksville ("the City") and three city officials alleging that the removal and retention of his personal property constituted conversion and inverse condemnation. He also asserted claims for intentional infliction of emotional distress and civil rights violations under 42 U.S.C. § 1983. The City responded by filing a motion to dismiss the complaint on several grounds. The trial court granted the motion and dismissed all claims. The court ruled that the City had immunity under the Tennessee Governmental Tort Liability Act ("GTLA") because Plaintiff failed to allege a policy, practice, or custom which caused his harm. Additionally and alternatively, the court dismissed the claims of inverse condemnation, conversion, intentional infliction of emotional distress, and the § 1983 civil rights violations because the complaint failed to allege essential elements of each claim. The court also found the claims were time-barred. As for the defendants who were sued in their individual capacities, the court dismissed the claims because the complaint failed to state a claim for which relief could be granted, and because Plaintiff failed to provide a summons for service of process on each of the defendants. This appeal followed. Plaintiff raises twelve issues for us to consider on appeal. Since Plaintiff did not raise several of these issues in the trial court, they are deemed waived. As for the remaining issues, we find them unavailing for the reasons explained below. Therefore, we affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and BRANDON O. GIBSON, JJ., joined.

Mardoche Olivier, Clarksville, Tennessee, Pro Se.

D. Mark Nolan and Kathryn W. Olita, Clarksville, Tennessee, for the appellee, City of Clarksville.

## OPINION

Mardoche Oliver ("Plaintiff") filed a civil action against the City of Clarksville ("the City") and three others in their individual capacities: Mike Baker, City of Clarksville Building & Codes Director; Lance Baker, City of Clarksville Attorney; and Kim McMillan, Mayor of the City of Clarksville. All of the claims arise out of the alleged wrongful seizure of Plaintiff's personal property on May 18, 2016. The personal property, which included approximately ten cars and two trailers, were removed by order of the City of Clarksville Building and Codes Department ("the Department") dated April 13, 2016.

Plaintiff filed his initial complaint against the City in the Circuit Court for Montgomery County on July 25, 2016, alleging inverse condemnation, conversion, intentional infliction of emotional distress, and civil rights violations under 42 U.S.C. § 1983. Shortly thereafter, Plaintiff filed a Motion for Default Judgment. The City responded to the complaint and motion by filing a Motion to Dismiss the Complaint on October 5, 2016. Plaintiff also filed a Motion to Amend portions of his complaint, which the trial court granted by order entered on October 6, 2016.

Following a hearing, the court dismissed Plaintiff's claims. In its order, the court found that (1) Plaintiff failed to provide a short and plain statement of any of his claims as required by Tenn. R. Civ. P. 8.01; (2) the City was immune from suit under the Tennessee Governmental Tort Liability Act ("GTLA") because Plaintiff failed to allege a policy, practice, or custom which caused his harm; and (3) Plaintiff failed to allege essential elements of the claims of inverse condemnation, conversion, intentional infliction of emotional distress, and the § 1983 civil rights violations. The court also ruled that the claims were time-barred because Tenn. Code Ann. § 27-9-102 required Plaintiff to commence his action against the City within sixty days of the Department's decision, and Plaintiff did not do so. The court also dismissed the claims against the individual defendants because Plaintiff failed to state a claim for which relief could be granted, and because he failed to provide each of them with a summons for service of process. This appeal followed.

## ISSUES

Plaintiff identifies twelve issues for us to consider in this appeal. We decline to consider several of his issues because he did not raise them in the trial court. Therefore, they are deemed waived. *See In re Adoption of E.N.R.*, 42 S.W.3d 26, 32 (Tenn. 2001) (stating that issues not raised in the trial court are waived on appeal). As for the other

issues, which are mostly argumentative and do not constitute appellate issues we can review, we discern that Plaintiff intended to raise the following issues:

1. Does the City have immunity under the GTLA?

2. Did Plaintiff fail to allege essential elements of his claims for inverse condemnation, conversion, intentional infliction of emotional distress, and the 42 U.S.C. § 1983 constitutional violations?

3. Was the action time barred pursuant to Tenn. Code Ann. § 27-9-102?

4. Did the trial court err in dismissing the individual defendants for failure to state a claim and for failure to perfect service of process?

5. Did the trial court err in denying Plaintiff's Motion for Default Judgment?

## STANDARD OF REVIEW

In considering an appeal from a trial court's grant of a defendant's motion to dismiss, the Court takes all allegations of fact in the complaint as true, and reviews the trial court's legal conclusions de novo with no presumption of correctness. Tenn. R. App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996). "The failure to state a claim upon which relief can be granted is determined by an examination of the complaint alone." *Cook v. Spinnaker's of Rivergate. Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). "The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law." *Id.* In considering a motion to dismiss, courts should construe all averments liberally in favor of the pleader and treat the allegations of the complaint as true. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

## ANALYSIS

### I. THE TENNESSEE GOVERNMENTAL TORT LIABILITY ACT

The GTLA removes common law governmental immunity in situations specifically enumerated in its provisions. *See* Tenn. Code Ann. § 29-20-201 and - 205; *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997); *Ezell v. Cockrell*, 902 S.W.2d 394, 399 (Tenn. 1995). However, governmental entities retain immunity from suit "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment" that arises out of:

(2) False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander,

deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights. . . .

Tenn. Code Ann. § 29-20-205(2).

Plaintiff asserts two claims for which the City is immune under Tenn. Code Ann. § 29-20-205. Specifically, the City retains immunity when the injury arises out of infliction of mental anguish (emotional distress) and civil rights violations though the injury resulted from "a negligent act or omission caused by its employee in the scope of his employment." *Id.*

In his complaint, Plaintiff merely alleges that the negligence of City of Clarksville employees caused him harm. Significantly, the complaint fails to provide a specific factual basis for a finding of negligence by city employees. Moreover, the complaint fails to state a claim based on one of the enumerated exceptions to governmental immunity under the GTLA. As a consequence, the complaint fails to state a claim upon which relief can be granted.

The trial court made the specific finding that the City was immune based on Tenn. Code Ann. § 29-20-205, and we concur with its determination. Therefore, we affirm the dismissal of all claims against the City based on immunity.

## II. FAILURE TO ALLEGE ESSENTIAL ELEMENTS OF CLAIMS

The trial court dismissed Plaintiff's claims for inverse condemnation, conversion, intentional infliction of emotional distress, and the § 1983 claims because the complaint failed to allege essential elements of each claim. We will discuss each claim in turn.

### A. Inverse Condemnation

Plaintiff presents a claim for inverse condemnation based on a physical taking of his property which occurred when the City, acting through Auto Transport, seized his cars and trailers by towing them to a storage facility. The deficiency with this claim is that inverse condemnation is limited to the taking of real property. Inverse condemnation does not provide a remedy for the taking of personal property.

"Eminent domain refers to a legal proceeding in which a government asserts its authority to condemn property." *Jackson v. Metropolitan Knoxville Airport Authority*, 922 S.W.2d 860, 861 (Tenn. 1996). "'Inverse condemnation' is the popular description for a cause of action brought by a property owner to recover the value of *real property* that has been taken for public use by a governmental defendant even though no formal condemnation proceedings under the government's power of eminent domain have been instituted." *Edwards v. Hallsdale-Powell Util. Dist. Knox Cty., Tenn.*, 115 S.W.3d 461,

464-65 (Tenn. 2003) (citing *Johnson v. City of Greeneville*, 435 S.W.2d 476, 478 (Tenn. 1968)) (emphasis added). Article I, § 21 of the Tennessee Constitution states:

> That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives or without just compensation being made therefor.

The Tennessee General Assembly implemented this constitutional provision by enacting eminent domain and inverse condemnation statutes. *Edwards*, 115 S.W.3d at 464; Tenn. Code Ann. §§ 29-16-101 and -126 (1980); Tenn. Code Ann. §§ 29-17-101 and -804 (1980 & 1995 Supp.). The eminent domain and inverse condemnation statutory schemes only provide a remedy for the taking of real property. *See* Tenn. Code Ann. §§ 29-16-101 and -126; *see also* Tenn. Code Ann. §§ 29-17-101 and -804. They do not provide a remedy for the taking of personal property. *See id.* Because the complaint does not allege the taking of real property, Plaintiff's inverse condemnation claim fails as a matter of law. Therefore, we affirm the trial court's decision to dismiss the claim.

## B. Conversion

Conversion is the appropriation of tangible personal property to a party's own use in exclusion or defiance of the owner's rights. *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.,* 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012) (citations omitted). Conversion is an intentional tort, and a party seeking to make out a prima facie case of conversion must prove the appropriation of another's property to one's own use and benefit, by the intentional exercise of dominion over it, in defiance of the true owner's rights. *Id.* (citing *Kinnard v. Shoney's, Inc.*, 100 F.Supp.2d 781, 797 (M.D. Tenn. 2000); *Mammoth Cave Prod. Credit Ass'n v. Oldham*, 569 S.W.2d 833, 836 (Tenn. Ct. App. 1977)).

"To state a cause for misappropriation or conversion, under Tennessee Rule of Civil Procedure 9.02, [the plaintiff] would need to plead all acts of misappropriation with particularity." *Id.* at 555. Plaintiff's complaint fails to plead any acts of misappropriation *with particularity*. The complaint merely alleges that the City towed his personal property without his permission, stored it at 60 Washington Street in Clarksville, and did not return it to him. As the City points out in its brief, Plaintiff identified no facts to establish that the City was not entitled to remove his personal property, that the City took the property for its own use or benefit, or that the City did not make the property available to him for return. As such, the complaint does not assert a claim for conversion upon which relief can be granted. Therefore, the trial court acted appropriately by dismissing this claim.

C.  Intentional Infliction of Emotional Distress

The elements of a claim for intentional infliction of emotional distress are that the defendant's conduct was: (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012). Either intentional or reckless conduct on the part of the defendant will suffice to establish intentional infliction of emotional distress. *Id.*

Plaintiff did not allege that the City or any defendant intended to cause harm or emotional distress to anyone by the removal of his personal property. The allegations concerning this claim read, "[Plaintiff] also suffered from discomfort, emotional, mental harm, embarrassment which he is seeking punitive, compensatory and nominal damages." Plaintiff made no factual allegations of intentional or reckless conduct by any of the defendants. Because Plaintiff failed to allege any facts that support a claim for intentional infliction of emotional distress, the trial court acted appropriately by dismissing the claim.

D.  42 U.S.C. § 1983 Civil Rights Claim

Plaintiff's 42 U.S.C. § 1983 claim is based on the assertion that the defendants violated his civil rights; however, as we noted earlier, civil rights violations are an exception to the removal of immunity under the GTLA. *See* Tenn. Code Ann. § 29-20-205(2). There are, however, limited exceptions to this rule.

The U.S. Supreme Court identified one exception in *Monell v. Dep't. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) that might have applied to this case, assuming there were specific facts to support such claims. The Court held that governmental entities may be subject to damages under 42 U.S.C. § 1983 for a constitutional tort where the action occurred pursuant to a municipal policy, practice, or custom. *Id.* at 691.

> Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels.

*Id*. at 690-91.

However, *Monell* made it clear that liability under § 1983 may not be imposed on a municipal governmental entity merely because it employed an individual who engaged in some form of unconstitutional conduct. *Id*. at 691. A municipal governmental entity cannot be held liable for an injury caused by its agents or employees under § 1983 based on a theory of respondeat superior. *Id*. Instead, a municipal governmental entity may only be liable for a constitutional tort where the action occurred pursuant to a municipal policy, practice, or custom. *Id*. at 690-91.

As the City points out in its brief, the complaint includes "scattered, disorganized bare assertions of law describing the cause of action, but fails to make mention of any specific policy of the city by which he was harmed." Simply put, the complaint failed to identify any municipal policy upon which to base this claim. Therefore, Plaintiff failed to state a 42 U.S.C. § 1983 claim upon which relief could be granted. Accordingly, the trial court properly dismissed the claim.

III. STATUTE OF LIMITATIONS

The trial court held that the complaint set forth allegations that constituted an appeal of the Department's April 13, 2016 decision to remove Plaintiff's cars and trailers from his property. The court also correctly noted that Tenn. Code Ann. § 27-9-102 required that a party aggrieved of an administrative decision file his or her action in the chancery court within sixty days of the entry of the order or judgment. Plaintiff failed to commence the appropriate action within sixty days of the Department's decision.

"[W]here the action being challenged is administrative or quasi-judicial in nature, rather than legislative in nature, the appropriate method for obtaining judicial review of that action is by common law writ of certiorari." *State ex rel. Moore & Associates v. West*, 246 S.W.3d 569, 575 (Tenn. Ct. App. 2005) (citing Tenn. Code Ann. § 27-8-101). When a plaintiff challenges an administrative decision, a trial court should treat the petition as a common law writ of certiorari, regardless of its label. *Id.* Although a direct action for declaratory judgment is available and appropriate to challenge the validity, including the constitutionality, of an ordinance, or to determine whether an ordinance applies, it is not available to challenge the decision of a local governmental administrator or board in actually applying, enforcing, or executing existing law. *See Fallin v. Knox Cty. Bd. of Comm'rs*, 656 S.W.2d 338, 342 (Tenn. 1983) ("[A]n action for declaratory judgment, as provided by T.C.A., §§ 29–14–101—29–14–113, rather than a petition for certiorari is the proper remedy to be employed by one who seeks to invalidate an ordinance, resolution or other legislative action of county, city or other municipal legislative authority enacting or amending zoning legislation.").

Here, Plaintiff is challenging the validity of the April 13, 2016 decision of the Building and Codes Department, which constitutes a challenge to an administrative or quasi-judicial decision, rather than to a legislative enactment. Thus, the appropriate method for obtaining judicial review of that action is by common law writ of certiorari. *See* Tenn. Code Ann. § 27-8-101 (stating that the writ may be granted where an inferior tribunal, board, or officer exercises judicial functions); *see also McCallen v. City of Memphis*, 786 S.W.2d 633, 640 (Tenn. 1990).

As noted earlier, administrative decisions are subject to review in accordance with the procedures set forth in Tenn. Code Ann. §§ 27-9-101 and -102. This review is afforded to the courts by the common law writ of certiorari. *See Johnson v. Metro. Gov't for Nashville Davidson Cnty., Tenn.*, 54 S.W.3d 772, 774 (Tenn. Ct. App. 2001). Anyone aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have the order or judgment reviewed by the courts consistent with the unambiguous terms of Tenn. Code Ann. §§ 27-9-101 and -102. Anyone seeking such review of an administrative decision shall petition "*within sixty (60) days of the entry of the judgment complained of.*" Tenn. Code Ann. § 27-9-102 (emphasis added).

The failure to file the petition within sixty days results in the challenged decision becoming final, "which deprives a reviewing court of jurisdiction over the matter." *Blair v. Tennessee Bd. of Prob. & Parole*, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007) (citations omitted); *Johnson v. Metropolitan Gov't for Nashville Davidson Cnty.*, 54 S.W.3d 772, 774 (Tenn. Ct. App. 2001) (holding that the sixty-day time limit is jurisdictional and the "failure to file a writ within this period precludes review of such decisions by the courts").

Plaintiff filed his complaint on July 25, 2016, which was more than sixty days after the Department entered its order on April 13, 2016. Therefore, the trial court correctly determined that the complaint was time barred by the statute of limitations for writs pertaining to the decisions of administrative bodies. *See* Tenn. Code Ann. § 27-9-102.

IV. Claims against Mike Baker, Lance Baker, and Kim McMillan.

The trial court dismissed all of these claims on the grounds that none of the individual defendants had been served with process and the complaint contained no allegations of personal conduct by any of these defendants. We agree with the decision.

The complaint identified Mike Baker, City of Clarksville Building & Codes Director; Lance Baker, City of Clarksville Attorney; and Kim McMillan, Mayor of Clarksville as defendants in their individual capacities. Therefore, Tenn. R. Civ. P. 4.04 required Plaintiff to furnish "the person making service with such copies of the summons and complaint as are necessary." Plaintiff never filed or furnished a summons that

identified any of the individual defendants or the respective addresses where each of them could be served with the summons and complaint.

As our Supreme Court explained in *Frye v. Blue Ridge Neuroscience Center*, 70 S.W.3d 710, 713 (Tenn. 2002), the plaintiff must comply with Rules 3 *and* 4 of the Tennessee Rules of Civil Procedure to properly commence an action. Further, as this court discussed in *McNeary v. Baptist Mem'l Hosp.*, 360 S.W.3d 429, 439-40 (Tenn. Ct. App. 2011), the commencement of an action is accomplished only when a complaint is filed and process is issued.

The requirement for service of process is a fundamental due process right and a well-established requirement under the Tennessee Rules of Civil Procedure. *See Turner v. Turner*, 473 S.W.3d 257, 272 (Tenn. 2015). Plaintiff failed to provide a summons to facilitate the service of process on Mike Baker, Lance Baker, or Kim McMillan. Moreover, as the trial court correctly found, the complaint states no allegations of personal misconduct by any of these defendants; therefore, the complaint failed to state a claim on which relief could be granted. For these reasons, the trial court properly dismissed the claims against Mike Baker, Lance Baker, and Kim McMillan.

## V. DENIAL OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

The trial court denied Plaintiff's Motion for Default Judgment on the ground that the time in which the City of Clarksville was required to file a responsive pleading had not yet run. We find no error with this decision.

Plaintiff filed a Motion for Default Judgment against the City on September 29, 2016. He asserted that the City was served with process on August 11, 2016, and because more than thirty days had run and no responsive pleading had been filed, he was entitled to an order of default judgment pursuant to Tenn. R. Civ. P. 55. The fallacy with this assertion is that the City had sixty days to respond to the complaint. As stated in Tenn. Code Ann. § 29-20-304(a), a governmental entity shall have sixty days in which to answer or otherwise respond to any claim, action, or suit brought pursuant to the GTLA. Because sixty days had not yet run when Plaintiff filed his Motion for Default Judgment, the motion was premature. Moreover, the City timely filed its motion to dismiss in response to Plaintiff's complaint on October 6, 2016. Therefore, we affirm the trial court's decision to deny Plaintiff's motion.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Mardoche Olivier.

_____

FRANK G. CLEMENT JR., P.J., M.S.