IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2018 Session

## ROLAND DIGITAL MEDIA, INC. v. CITY OF LIVINGSTON

**Appeal from the Chancery Court for Overton County**
**No. 17-CV-48        Ronald Thurman, Chancellor**

———————————————————

### No. M2018-00163-COA-R3-CV

———————————————————

This appeal arises from the dismissal of a petition for a common law writ of certiorari in which the petitioner sought to challenge a decision of the Livingston Board of Zoning Appeals. The trial court dismissed the petition pursuant to a Tenn. R. Civ. P. 12.02(1) motion for lack of subject matter jurisdiction because the petition failed to name the Livingston Board of Zoning Appeals, whose decision was at issue, as a defendant as required by Tenn. Code Ann. § 27-9-104. This appeal followed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Robert Allen Dalton, Jr. and David Hudson, Lewisburg, Tennessee, for the appellant, Roland Digital Media, Inc.

Daniel Hurley Rader, IV, Cookeville, Tennessee, for the appellee, City of Livingston, Tennessee.

### OPINION

The petitioner, Roland Digital Media, Inc. ("Roland"), provides outdoor advertising and signage in the Upper Cumberland region of Tennessee. In April 2016, Roland entered into a leasehold agreement with landowner Ruth Hill that granted Roland permission to construct and maintain a large digital sign on Ms. Hill's property within the city limits of Livingston, Tennessee. Shortly thereafter, Roland filed an application for a permit with the City of Livingston ("the City") Department of Public Works to construct the sign. The City denied the application, citing a zoning ordinance which specified that signs in that local commercial district could be a maximum size of nine square feet. Roland's proposed sign was 264 square feet, which greatly exceeded the limitation.

In October 2016, Roland filed an application for administrative review appealing the City's decision to deny the sign permit application. Then in April 2017, Roland additionally filed an application for a variance request with the City, requesting a variance of 255 square feet. The City denied both applications. Roland subsequently appealed the denial of the variance request to the Livingston Board of Zoning Appeals ("the BZA").

At a hearing on June 26, 2017, the BZA heard testimony from all interested parties and denied Roland's request for a variance. On July 21, 2017, Roland sought to appeal the BZA's denial of the variance request by filing a petition for writ of certiorari in the Chancery Court of Overton County. The sole defendant was identified as "CITY OF LIVINGSTON, Curtis Hayes, Mayor, Respondent." Roland additionally prepared and filed a writ of certiorari for the chancellor to issue that was directed to the "CITY OF LIVINGSTON, Curtis Hayes, Mayor[.]" The writ of certiorari was signed by the chancellor on July 21, 2017 and entered on July 25, 2017.

On August 28, 2017, the City filed its answer to the petition. In its answer, the City "denied as stated" the allegation in paragraph 9 that "Petitioner is aggrieved by the decision to deny his application for a permit." Additionally, the City admitted "it was the Board of Zoning Appeals that denied Petitioner's appeal." The City also stated, "This petition has been directed to the wrong defendant in accordance with Tenn. Code Ann. § 27-9-104. The City of Livingston did not deny any appeal. The Board of Zoning Appeals denied the Petitioner's appeal, and is the only proper defendant in this suit." As affirmative defenses, the City asserted, *inter alia*, "The Petition fails to state a claim for which relief can be granted," and "The Petition is time barred in accordance with Tenn. Code Ann. § 27-9-102."

On September 25, 2017, the record of the BZA proceedings was filed with the trial court. On that same day, the City filed its motion to dismiss, asserting, *inter alia*, that the chancery court lacked subject matter jurisdiction because Roland failed to perfect its appeal by not naming the BZA as a party in the petition as required by Tenn. Code Ann. § 27-9-104. Furthermore, the City asserted that under Tenn. Code Ann. § 27-9-102, the time to initiate an appeal had already expired.

In response to the City's motion to dismiss, Roland conceded that the BZA was not named in the petition's caption, but countered that: (1) the BZA was explicitly and repeatedly referenced throughout the petition; (2) the BZA was not a legally-cognizable entity; and (3) the City was placed on notice and suffered no prejudice.

The City's motion to dismiss was heard on December 4, 2017. During the hearing, Roland argued that the BZA was referenced throughout the petition and, therefore, had notice and was not prejudiced. Roland argued if its failure to name the BZA was

jurisdictional, the remedy should not be dismissal, but rather allowing Roland to "fix" the caption. Roland further asserted that amending the caption to name the BZA as a defendant was not necessary or even appropriate in order to comply with Tenn. Code Ann. § 27-9-104. At no time during or prior to this hearing did Roland make a motion to amend the petition.

The City argued that the BZA is a separate entity from the City, created by statute, and pointed out that all BZA decisions must be appealed to the chancery court, bypassing the City which has no authority over BZA decisions. With respect to notice, the City asserted there was no proof that anyone on the BZA had notice of the petition, and the City relied on the language of Tenn. Code Ann. § 27-9-104, which clearly states that a petitioner "shall name as defendants the particular board or commission," to support its contention that Roland failed to perfect an appeal. The City also noted that Roland had not filed a motion to amend the petition and had not submitted a proposed amended petition; thus, there was nothing for the trial court to consider with respect to amending the caption. Furthermore, the City argued that the sixty-day statute of limitations had already run pursuant to Tenn. Code Ann. § 27-9-102.[1] Accordingly, the City argued the chancery court was without subject matter jurisdiction to amend the petition.

In its ruling from the bench, the trial court reasoned,

Well, the statute says that you have to name in an appeal the board or commission that you are appealing from and that was the Board of Zoning Appeals, and that has not been done. 27-9-104 says that the Board of Zoning Appeals is not the City Council. It seems to me that that is jurisdictional[.]

At the end of the hearing, the chancellor offered Roland ten additional days to find a case that directly addressed the jurisdictional nature of failing to name proper parties in a petition for writ of certiorari, but Roland candidly admitted to the court that no such case existed. As a result, the chancellor informed the parties that he was dismissing Roland's petition. On December 20, 2017, a Final Order was entered that read in pertinent part:

---

[1] Tenn. Code Ann. § 27-9-102 provides:

Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

[Roland] has failed to perfect its appeal. [Roland] filed this suit against the City of Livingston, Tennessee, and notably did not institute suit against the Livingston Board of Zoning Appeals, the board from which [Roland] claims to appeal.

The Court finds that Tenn. Code Ann. § 27-9-104 is clear and unambiguous, and specifically requires that a petition for appeal "shall name as defendants the particular board or commission" from which [Roland] proposes to appeal.

The Court further finds that [Roland] did not name as defendant the Board of Zoning Appeals, or even any of the members of the Board of Zoning Appeals, or otherwise direct this suit to the Board of Zoning Appeals or its members. The Court finds that appeal from the decision of the Board of Zoning Appeals lies to this Court pursuant to the writ of certiorari review, and not to the City of Livingston. The Court further relies on *Metropolitan Gov't of Nashville and Davidson County v. The Board of Zoning Appeals of Nashville and Davidson County*, 477 S.W.3d 750 (Tenn. 2015), in which the Supreme Court acknowledged that the City itself could be an aggrieved party to a decision of the Board of Zoning Appeals, and could appeal same.

. . .

The Court finds that [Roland] has sued the wrong defendant, and did not perfect its appeal from the Livingston Board of Zoning Appeals. The Court finds that the Motion to Dismiss is well taken and should be granted. Moreover, the time to institute an appeal has expired, pursuant to Tenn. Code Ann. § 27-9-102. As a result of the failure to perfect an appeal, [Roland] has deprived the Court of subject matter jurisdiction to consider the appeal.

On December 5, 2017, which was more than sixty days after the BZA made its decision but before the Final Order was entered, Roland filed a motion to amend the petition to add the BZA as a defendant, or in the alternative, to construe the petition as a declaratory judgment action challenging the constitutionality of the applicable zoning ordinance. Notably, Roland did not submit a proposed amended petition with the motion.

On January 8, 2018, after the Final Order was entered in this case, the court held a hearing to address Roland's motion to amend the petition. At this hearing, Roland argued it should be permitted to "fix the caption," alleging that none of the parties had suffered any prejudice because all interested parties were aware of the petition. In the alternative, Roland argued the trial court should construe the petition as a declaratory judgment action and allow its petition to proceed as such.

- 4 -

The City opposed the motion on several fronts. The City argued the motion to amend the petition should be denied because the trial court did not have the authority to amend the petition when no proposed amendment had ever been submitted to the court. The City also contended the motion should be denied pursuant to the prior suit pending doctrine because Roland had already filed a declaratory judgment action in federal court that was still pending in which Roland sought to declare the zoning ordinance at issue unconstitutional. It also restated its prior position that the court lacked subject matter jurisdiction because Roland failed to perfect the appeal within sixty days from the entry of the BZA decision.

On January 24, 2018, the trial court entered an order reaffirming its dismissal of the petition. The court ruled in pertinent part:

> [Roland]'s Motion further suggests that [Roland] should be permitted to amend its complaint. No Motion to Amend was filed or made prior to the dismissal of the suit. Although [Roland]'s Motion suggests the possibility of an oral motion to amend at the hearing of the Motion to Dismiss, the Court could not recall any Motion to Amend being made orally. Upon the Court's inquiry of [Roland]'s counsel during this hearing, [Roland]'s counsel acknowledged that [Roland] did not make an oral motion to amend during the previous hearing of the Motion to Dismiss. Thus, no Motion to Amend was either filed or made orally prior to the Court's dismissal of [Roland]'s claim; and the Court declines to permit an amendment post-dismissal. As additional grounds for denial of an amendment, for the reasons set forth in the previous Final Order, the Court previously ruled that [Roland] failed to properly perfect its appeal, and the failure to do so deprived the Court of subject matter jurisdiction. The Court lacks subject matter jurisdiction over this matter, and thus lacks jurisdiction to consider a motion to amend.

> Lastly, [Roland] asks the Court to construe the Complaint as one for declaratory judgment, despite the fact that [the] Complaint itself is specifically entitled "Petition for Writ of Certiorari," and the Petition refers repeatedly to its request for certiorari review, and makes no reference to declaratory judgment whatsoever.

> The Court's previous ruling was that that Tenn. Code Ann. § 27-9-104 is clear and unambiguous, and specifically requires that a petition for appeal "shall name as defendants the particular board or commission" from which the Petitioner proposes to appeal, which [Roland] did not do. The Court finds that this previous ruling was correct, and the Motion to Amend should be denied.

- 5 -

This appeal followed.

## ISSUE

Roland presents four issues; however, we have determined that the dispositive issue is whether Roland's failure to name the BZA and/or its members as defendant(s) in the petition within sixty days from the entry of the challenged decision deprived the chancery court of subject matter jurisdiction and rendered the BZA decision final.

## STANDARD OF REVIEW

A respondent to a petition for writ of certiorari may file a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(1) based upon a lack of subject matter jurisdiction. *See Grigsby v. City of Plainview*, 194 S.W.3d 408, 410-11 (Tenn. Ct. App. 2005). A Rule 12.02 motion to dismiss challenges the legal sufficiency of the petition, not the strength of the petitioner's proof. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). A challenge to the court's subject matter jurisdiction calls into question the court's authority to adjudicate the controversy before it. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012). Subject matter jurisdiction can only be conferred by the constitution or a legislative act. *Id.* When a party challenges a court's subject matter jurisdiction, the court must "determine the gravamen of the case and identify the source of its power to adjudicate that type of controversy." *Word v. Metro Air Servs., Inc.*, 377 S.W.3d 671, 674 (Tenn. 2012). The question of whether a court has subject matter jurisdiction over a case is a question of law, which we review de novo with no presumption of correctness. *Id.*

## ANALYSIS

The procedural mechanism used to obtain judicial review of a board of zoning appeals decision is a petition for common law writ of certiorari. *City of Brentwood v. Metro. Bd. of Zoning Appeals*, 149 S.W.3d 49, 57 (Tenn. Ct. App. 2004) (citing *McCallen v. City of Memphis*, 786 S.W.2d 633, 639 (Tenn. 1990)). "A writ of certiorari is an order from a superior court to an inferior tribunal to send up a complete record for review, so that the reviewing court can ascertain whether the inferior tribunal has exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily." *State v. Lane*, 254 S.W.3d 349, 354 (Tenn. 2008). Chancery courts have subject matter jurisdiction to issue writs of certiorari to review decisions of local boards of zoning appeals; however, a party seeking judicial review of a local board's decision must take the necessary steps to invoke the court's jurisdiction. *See Levy v. Bd. of Zoning Appeals*, No. M1999-00126-COA-R3-CV, 2001 WL 1141351, at *4 (Tenn. Ct. App. Sept. 27, 2001).

Tennessee Code Annotated § 27-9-104 specifies the parties that must be named in a petition for writ of certiorari. Specifically, the statute provides that petitions for writs of

certiorari "shall be addressed to the presiding chancellor and **shall name as defendants the particular board or commission** and such other parties of record, if such, as were involved in the hearing before the board or commission, and who do not join as petitioners." Tenn. Code Ann. § 27-9-104 (emphasis added). Moreover, it is well-settled that a petitioner must file a petition for writ of certiorari in the chancery court within sixty days from the entry of the decision being appealed.[2] Tenn. Code Ann. § 27-9-102. **Failure to file within the statutory time limit results in the challenged decision becoming final, and deprives the reviewing court of subject matter jurisdiction over the matter**. *Id*.; *Save Rural Franklin v. Williamson Cty. Gov't*, No. M2014-02568-COA-R3-CV, 2016 WL 4523418, at *4 (Tenn. Ct. App. Aug. 26, 2016); *Blair v. Tennessee Bd. of Prob. & Parole*, 246 S.W.3d 38, 41 (Tenn. Ct. App. 2007); *Grigsby*, 194 S.W.3d at 412; *Johnson v. Metropolitan Gov't for Nashville Davidson Cnty.*, 54 S.W.3d 772, 774 (Tenn. Ct. App. 2001); *Thandiwe v. Traughber*, 909 S.W.2d 802, 803-04 (Tenn. Ct. App. 1994); *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984).

When interpreting a statute, the role of this court is "to assign a statute the full effect of the legislative intent without restricting or expanding the intended scope of the statute." *Metro. Gov't of Nashville v. The Bd. of Zoning Appeals of Nashville*, 477 S.W.3d 750, 757 (Tenn. 2015) (citing *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010) and *Larsen–Ball v. Ball*, 301 S.W.3d 228, 232 (Tenn. 2010)). To accomplish this, we look to the text of the statute first and "give the words of the statute 'their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose,'" *Id.* (quoting *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012)), and "we presume that every word in the statute has meaning and purpose." *Id.* (quoting *Larsen–Ball*, 301 S.W.3d at 232). Thus, when a statute's language is clear and unambiguous, "we need look no further than the plain and ordinary meaning of the statutory language." *Id.*

We find the language of Tenn. Code Ann. § 27-9-104 to be clear and unambiguous in its requirement to name as defendants "the particular board or commission." In this

---

[2] In addition to being timely filed, a petition for a writ of certiorari must be verified in order to comply with Article 6, Section 10 of the Tennessee Constitution and Tenn. Code Ann. § 27-8-104(a). *Richmond v. Tennessee Dep't Of Correction*, No. M2009-01276-COA-R3-CV, 2010 WL 1730144, at *3 (Tenn. Ct. App. Apr. 29, 2010) (citing *Stephenson v. Town of White Pine*, No. 03A01-9705-CH-00185, 1997 WL 718974, at *1 (Tenn. Ct. App. Nov.13, 1997)). Failure to file a verified petition within the sixty-day time period is fatal to the petition and deprives the trial court of subject matter jurisdiction. *Blair v. Tennessee Bd. of Prob. & Parole*, 246 S.W.3d 38, 41 (Tenn. Ct. App. 2007) (holding that "[n]either the trial court nor the appellate court acquires jurisdiction over the petition unless it is verified" as required by Tenn. Code Ann. § 27-8-106). Additionally, a petition cannot be amended to add the required oath or affirmation unless the trial court granted the amendment or extension of time within the original sixty-day time period for filing the petition as prescribed in Tenn. Code Ann. § 27–9–102. *Johnson v. S. Cent. Corr. Facility Disciplinary Bd.*, No. M2012-02601-COA-R3-CV, 2013 WL 4803565, at *5 (Tenn. Ct. App. Sept. 6, 2013).

case, Roland failed to name the BZA which was the "particular board or commission" that made the decision to be reviewed by the chancellor. Tenn. Code Ann. § 27-9-104. Moreover, Roland failed to name as defendants the members of the particular board or commission that made the decision to be reviewed. Thus, Roland's petition is distinguishable from other cases in which petitioners have named individual members of a particular board or commission instead of the board or commission itself. *See Tankesly v. Pugh*, No. M2000-01520-COA-R3-CV, 2002 WL 1389682, at \*5 (Tenn. Ct. App. June 27, 2002) (where petitioner named the disciplinary board chairman and prison warden in their official capacities as defendants); *Robinson v. Clement*, 65 S.W.3d 632, 634 (Tenn. Ct. App. 2001) (where petitioner named prison guards and members of the prison disciplinary board as defendants but not the prison disciplinary board itself); *Seals v. Bowlen*, M1999-00997-COA-R3-CV, 2001 WL 840271, at \* 3 (Tenn. Ct. App. July 26, 2001) (where both the disciplinary board and the warden were considered to be proper parties because each was authorized to impose disciplinary sanctions on the prisoner). Roland's petition is also distinguishable from cases in which a petitioner named the proper board or commission, but failed to name proper third parties. *See Levy v. Bd. of Zoning Appeals*, No. M1999-00126-COA-R3-CV, 2001 WL 1141351, at \*2 (Tenn. Ct. App. Sept. 27, 2001) (where a petitioner sought review of a board of zoning appeals decision and named the board as a defendant but not the additional third parties who were parties of record in the lower board of zoning appeals proceedings).

Here, the only defendant named in Roland's petition is "CITY OF LIVINGSTON, Curtis Hayes, Mayor, Respondent." The mayor of Livingston does not serve on the BZA. Moreover, just as our Supreme Court held that the City of Nashville could appeal a decision of the Board of Zoning Appeals of Nashville because they were separate and distinct legal entities, the BZA is a separate and distinct entity from the City of Livingston. *See Metro. Gov't of Nashville*, 477 S.W.3d at 757. Therefore, in order to comply with the requirements of Tenn. Code Ann. § 27-9-104, Roland was required to name the BZA or its members in its petition. Tenn. Code Ann. § 27-9-104. Because Roland failed to do so within sixty days of the decision being challenged, Roland failed to perfect the appeal within the jurisdictional window. Tenn. Code Ann. § 27-9-102. Accordingly, the BZA decision became final after the expiration of the sixty-day jurisdictional window. *See Johnson*, 54 S.W.3d at 774.

We also find no merit to Roland's argument that the chancellor erred by failing to grant it leave to amend the petition. Roland failed to obtain an extension of time from the chancery court to amend the petition within sixty days of the BZA decision it challenged. Accordingly, as this court explained in *Blair*, the chancery court lost subject matter jurisdiction over the BZA decision before Roland filed a motion to amend:

> A trial court has subject matter jurisdiction to extend the sixty-day time period of section 27–9–102 if the order granting the extension is entered within the sixty-day period. After the sixty day period has expired,

however, the trial court no longer has such jurisdiction. In other words, "[t]o grant time in which to file [a] petition for certiorari after the expiration of the original term is a power not given to this court." *Crane Enamelware Co. v. Smith*, 168 Tenn. 203, 76 S.W.2d 644, 645 (Tenn. 1934) (quoting *Schlosser Leather Co. v. Gillespie*, 157 Tenn. 166, 6 S.W.2d 328, 328 (Tenn. 1928)). Blair's motion to amend his petition to comply with the verification requirement was filed on June 27, 2006. This was more than sixty days after February 28, 2006, the date on which Blair received notice of the final administrative judgment against him. By that time, the trial court had lost subject matter jurisdiction over Blair's petition and, therefore, was without authority to grant Blair's motion for an extension of time. Consequently, the trial court erred in exercising jurisdiction over Blair's petition, and his petition should have been simply dismissed. *See id*.

246 S.W.3d at 41. The BZA made its decision to deny Roland's variance request on June 26, 2017. Roland filed its motion to amend the petition on December 5, 2017, which was more than sixty days after the BZA's final administrative judgment against Roland. As a consequence, the issue was moot before Roland filed its motion to amend. For the foregoing reasons, we affirm the dismissal of Roland's petition for writ of certiorari.

With respect to Roland's request for attorney's fees on appeal, we find no basis to award fees; thus, Roland's request for attorney's fees is respectfully denied.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Roland Digital Media, Inc.

_____
FRANK G. CLEMENT JR., P.J., M.S.